# Chappelle v. Roberts.

## *Ejectment.*

(Decided April 4, 1907.  43 So. Rep. 489.)

1. *Ejectment; Action; Issues.*—The land was described in one count of the complaint as part of lot 13 in a certain survey, and in the other count as a part of what is known and called lot 13; the testimony was that unless the lands sued for was a part of lot 13 plaintiff did not claim it.  Held, that the question raised by the second count was eliminated and the court properly instructed the jury that they should find for the defendant unless the land is a part of that said lot 13.

2. *Evidence; Expert Evidence; Admissibility.*—Where the issue was whether the land in suit was a part of a certain lot, expert testimony of surveyors as to the true location of the lands and boundaries was admissible.

3. *Trial; Instructions Argumentative and Giving Undue Prominence to Testimony.*—Instructions that the location of land was a physical fact to be determined by the jury; that the testimony of certain expert witnesses should not be considered as that of experts, but merely as that of witnesses testifying to such physical facts; that as to physical facts, such as the location of streams or bluffs thereon and their meanderings, the testimony of those who knew the fact was as worthy of belief as that of experts—were properly refused not only as being argumentative but as giving undue prominence to certain testimony at the expense of other testimony.

[Chappelle v. Roberts.]

APPEAL from Montgomery Circuit Court.

Heard before Hon. JOHN G. WINTER.

Action in ejectment by James Chappell against J. T. Roberts. From a judgment for plaintiff, defendant appeals. Affirmed.

The court refused to give appellant certain charges as to adverse possession not necessary to be here set out, and also refused the following charges: "(1) As to the point where lot 2 is on the Alabama river, that is a physical fact, which the jury must determine from all the evidence in this cause; and as to that fact the testimony of the experts—Garrett and Alexander—is not to be considered as that of experts, but merely as that of other witnesses testifying to such particular physical facts. (1 1-2) The court charges the jury that as to physical facts, such as the location of streams and their meanderings, the testimony of those who know the facts are as worthy of belief as that of experts." The court gave the following charge for the defendant: "(2) Unless the jury believe from the evidence that the property sued for is part of lot 13, of what is known as the 'Stewart-Wharton Plat,' they must find for the defendant."

PEARSON & RICHARDSON, and CHARLES P. JONES, for appellant.—The recitals in the Ashley deed that he had purchased the lands thereby conveyed to the state from Mrs. Stewart is not evidence against plaintiff who was not a party to said deed.—*Shelby Iron Co. v. Ridley,* 135 Ala. 516; *Fitzpatrick v. Brigman,* 130 Ala. 455. The court erred in refusing charge 3 requested by appellant. —*Pickett v. Pope,* 74 Ala. 122; *Bernstein v. Humes,* 71 Ala. 250; *Bell v. Denson,* 50 Ala. 444. The intention guides the entry and fixes its character.—*Alexander v. Wheeler,* 69 Ala. 332; *Potts v. Coleman,* 67 Ala. 221.

GEORGE M. MARKS, and THOMAS H. WATTS, for appellee.—Charges 2 and 3 were properly refused the appellant.—Section 2794, subd. 1, Code 1896; *Davis v. Caldwell,* 107 Ala. 536. The court properly gave the charges requested by appellee.—*Bynum v. Hewlett,* 34 South. 391. Counsel discuss other assignments of error but cite no authority.

McCLELLAN, J.—James Chappell instituted this statutory action of ejectment against J. T. Roberts to recover a certain plot or lot of land described in the complaint. There are two counts, in one of which it is alleged that the plot or lot of land claimed is a part of lot 13 in the Stewart-Wharton survey; and in the other count it is alleged to be a part of what is "known and called" lot 13 of that survey. The difference between the two counts, as to the property sought to be recovered, is apparent.

The plaintiff introduced the following conveyances, all purporting to convey lot 13, with other lands, bearing the dates indicated: Stewart to Watts, February 18, 1860; Bailey, as assignee of Watts, to Troy, December 6, 1869; and Troy to Chappell, plaintiff, September 26, 1871. The defendant introduced these conveyances, purporting, it was asserted, to convey the lot in controversy, but not lot 13, viz: Ashley to the state, March 7, 1861, and the state to Roberts, defendant, August 22, 1901. In the view we take of this case, the controlling inquiry in its decision below was one of facts, viz., whether the lot in suit was a part of lot 13 referred to in the pleadings and the conveyances by the plaintiff.

The second count of the complaint, which describes the lot sued for as a part of what was "known and called" lot 13, would have, if supported in the proof, required consideration of the question of adverse possession by the plaintiff of the lot in controversy. But the plaintiff by his own testimony eliminated that phase of the case. He, the record shows, testified that, "unless it (the lot sued for) was a part of lot 13, witness did not claim the same." So that the sole inquiry was under the first count, to sustain which the plaintiff was bound to establish to the reasonable satisfaction of the jury that the land sought to be recovered was a part of lot 13 in the Stewart-Wharton survey or plat. The issue of adverse possession passed from the case; and the special written-charges, addressed to that merely mooted question of adverse possession, were properly refused; and charge No. 2, given for the defendant, being directly re-

[Doe ex dem. Trotter v. Moog.]

ferable to the only issue of fact in the case, was correctly given.

The assignments of error predicated upon the refusal of the court to give, at the instance of the plaintiff, charges 1 and 1 1-2 are without merit. These charges are clearly argumentative, as well as subject to the criticism that they single out and give undue prominence to, at the expense of other testimony, certain testimony adduced. And it may be added that the testimony of the experts—surveyors—as to the true location of lands and boundaries, was admissible on the issue made in this case.—Rogers on Experts, pp. 253-256, and notes.

There is no error prejudicial to the appellant in the record, and the judgment of the lower court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.