(89 South. 36)

## BURLESON v. GILLAM. (8 Div. 258.)

(Supreme Court of Alabama. May 12, 1921.)

**I. Evidence ⟨=⟩508—Expert surveyor properly permitted to testify as to location of true line.**

In a boundary dispute, an expert surveyor, who had the description of the line before him and had surveyed and located it, was properly permitted to testify as to where the true line ran.

**2. Evidence ⟨=⟩213(1)—Defendant held not entitled to complain of exclusion of testimony concerning offers of compromise between witness and defendant.**

In a boundary dispute, defendant could not complain of the sustaining of objections to questions asked a witness as to offers of compromise and negotiation between him and defendant.

**3. Ejectment ⟨=⟩111(10)—Omission of decimal point in describing land in verdict held properly corrected in judgment.**

The omission of the decimal point in setting forth in the verdict the width of the land involved in a boundary dispute was a clerical error which was properly corrected by the judgment where the verdict recited that it was for the land sued for and described in the complaint.

Appeal from Circuit Court, Morgan County; F. Lloyd Tate, Judge.

Ejectment by J. R. Gillam against J. O. Burleson. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Sample & Kilpatrick, of Hartsells, for appellant.

The court erred in admitting the testimony of Motz, the surveyor. 189 Ala. 340, 66 South. 499; 9 C. J. 287. The court erred in excluding the statement of Patillo. 74 South. 971; 175 Ala. 211, 57 South. 477; 189 Ala. 340, 66 South. 499; 195 Ala. 307, 70 South. 269. Counsel insist that the defendant was entitled to the general affirmative charge, but they cite no authority.

---

⟨=⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

205 ALA.—43      [1] 204 Ala. 474.      [2] Ante, p. 160.

Tennis Tidwell, of Albany, for appellee.

No error intervened in the admission and exclusion of evidence. 150 Ala. 457, 43 South. 489; 56 Ala. 327; 50 Ala. 91; 24 Ala. 390; 21 Ala. 66. Counsel cannot be serious in their assertions that this is the case for the affirmative charge.

ANDERSON, C. J. This is an action of ejectment for a strip of land claimed by the plaintiff to be a part of his 14-acre tract in the southeast quarter of the northeast quarter of section 11, township 7, range 4 west, and that the defendant is in possession of same. The defendant contends that the strip in question is a part of the other 26 acres of said 40 which he owns, or if said strip did not originally belong to his part of said 40, that it is on his side of a certain fence or line which was so recognized by the respective owners of the two tracts as the true line for such a length of time as to give him a title by adverse possession. Therefore the sole question in this case is whether or not the present fence, erected by the defendant in 1915, is on the same line and at the same place as the rail fence in 1886 and one erected between 1886 and 1915. The plaintiff contends that the first and second fences were upon the true line dividing the respective tracts, and that the third, or 1915, fence, encroaches upon his land to the extent of the strip in question; while the defendant contends that the present fence stands on the same line of its predecessors. If the fence of 1915 stands where the others did, it is on the true line, and the plaintiff could not recover as he recognizes and concedes that the old fences were upon the true line. On the other hand, if the 1915 fence is not on the line of the old fences, but encroaches upon the plaintiff's side, he was entitled to recover, as the defendant concedes that the old fences were on the true line. Therefore, if his 1915 fence is not on the same line, his claim of adverse possession must fail, as his possession and claim under the new fence has not been of such duration as to ripen into title by adverse possession. This issue was properly submitted to the jury under the evidence, and the trial court properly refused the general charge requested by the defendant.

Appellant's counsel are mistaken in the claim that plaintiff's witness Motz testified that the present fence was on the true line. He testified that a certain line north of the blue line of the map showing where the fence now stands was the true line, and not that the said blue line where the fence now stands was the true line.

[1] There was no error in permitting the witness Motz, an expert surveyor, to testify as to where the true line ran between the respective tracts. He had the description of same before him and had surveyed and located the line. Chappelle v. Roberts, 150 Ala. 457, 43 South. 489; Bridges v. McClendon, 56 Ala. 327; Shook v. Pate, 50 Ala. 91. The case of Ward v. Lane, 189 Ala. 340, 66 South. 499, has no bearing upon this question and is in no wise opposed to the foregoing authorities.

[2] The appellant cannot complain of the action of the trial court in sustaining objections to the questions to the witness Patillo as to offers of compromise and the negotiation for other deeds between him and Burleson. Moreover, this witness subsequently testified that neither he nor his wife ever made or tendered Burleson a deed to this strip, and that he declined to accept his deed and told him the reason why.

[3] It is next urged that this case should be reversed because the verdict does not conform to the complaint, and the judgment does not correspond with the verdict. It is true the verdict omits the decimal mark in setting forth the width of the land, that it reads "462 feet" and "409 feet" instead of "40.9 feet" and "46.2 feet," but it recites "for the land sued for and described in the complaint," and the omission of the decimal was no doubt a clerical error which was properly corrected by the judgment.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.