# Kansas City, Memphis & Birmingham R. R. Co. *v.* Butler.

## *Action for Personal Injuries.*

1. *Jurisdiction.*—The act approved March 5, 1903, requiring suits for personal injuries to be brought in the county where the injury occurred, has no application where the injury was sustained, and the suit based thereon was commenced, prior to its passage.

2. *Pleading; motion to strike; when ruling on, not reviewable.* A ruling of the trial court will not be reviewed on appeal, when the same is not set forth in the bill of exceptions.

3. *Evidence; expert opinion.*—Upon facts hypothesized in a question to him, a physician may state his opinion as to whether an injury is permanent, or whether the injured person would likely recover.

4. *Same; declaration of sick person as to bodily feelings, when admissible.*—Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings, made at the time in question, are original evidence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This was an action by appellee, J. M. Butler, to recover damages for personal injuries alleged to have been caused by the careless handling of its train by defendant, the Kansas City, Memphis & Birmingham Railroad Company. The complaint averred that, on Sept. 8th, 1902, plaintiff was a passenger on one of defendant's trains

going from horse creek to Jasper, Alabama; that, when said train reached Cardova, the car upon which the plaintiff was sitting was left on the track while the engine attached to the train pulled the balance of the train up the road, and said train, or a portion thereof, ran back with great force and violence against the car in which plaintiff was sitting, and injured the plaintiff in the back, spine, head and other portions of the body, on account of which he suffered great physical and mental pain, and was put to expense of medical treatment, etc., and the plaintiff avers that his injuries were proximately caused by reason of the negligence of the defendant's employees in charge of train upon which plaintiff was a passenger, in the management and operation of such train. The defendant demurred to the complaint on the ground that the facts constituting negligence were insufficiently stated. The demurrer was overruled. The defendant then filed a plea to the jurisdiction of the court, stating that plaintiff is not now, nor was he at the time his injuries were received a resident of Jefferson county, but that said injuries were received in Walker county, and not in Jefferson county, and that plaintiff was a resident of Walker county when such injuries were received. The motion to strike was overruled. The motion to strike and the court's action thereon appear in the body of the record, but do not appear in the bill of exceptions.

The other facts sufficiently appear in the opinion.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.

A. O. LANE, contra.

HARALSON, J.—1. The demurrer to the complaint was properly overruled.—*Ensley R. R. Co. v. Chewing,* 93 Ala. 26; *S. & N. R. R. Co. v. Thompson,* 62 Ala. 500; *L. & N. R. R. Co. v. Markee,* 103 Ala. 168.

2. The motion to strike the plea to the jurisdiction was properly granted. The act approved March 5th, 1903 (Acts 1903 p. 182), requiring suits for personal injuries to be brought in the county where the injury occurred, was passed after the injury in this case was in-

flicted on plaintiff, and after the commencement of this suit. Furthermore, the motion and ruling thereon are not shown in the bill of exceptions.—*Holly v. Coffee,* 123 Ala. 406.

Dr. Tate was shown to be an expert in his profession. He was competent, as allowed against objection of defendant, to testify, from his examination of the plaintiff and under the facts hypothesized in the question to him on the subject, whether in his opinion the injury to plaintiff was permanent, or whether he would likely recover. 12 Am. & Eng. Ency. Law (2nd ed.), 449.

4. T. O. Jones, who saw the plaintiff frequently after he was injured, was asked, "Have you heard him complain of suffering since that time?" which question was objected to as calling for hearsay evidence. The objection was properly overruled. He answered, "Frequently since then, I have seen him, seen him two or three times and heard him complain of pain in his spinal cord." Similar questions were pronounced to other witnesses and allowed, (assignments of error 6-10). This evidence was competent.—*Eckles v. Bates,* 26 Ala. 655; *Kelly v. Cunningham,* 36 Ala. 79.

We have considered the assignments of error insisted on and no error appears.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.