# Lovelady *v.* Birmingham Railway L. & P. Co.

### *Death Action.*

(Decided May 13, 1909.    Rehearing denied June 30, 1909.)

1. *Evidence; Opinion; Admissibility.*—In a death action it is admissible to show by a physician who treated the wounds of the intestate on the night of the injury that the intestate died from the effects of the injury.

2. *Appeal and Error ;Harmless Error; Exclusion of Evidence.*— Where the court cannot say that there would not have been sufficient evidence to have submitted to the jury the question of the actionable negligence of the defendant had the plaintiff been permitted to show that the person injured by the defendant's car was plaintiff's intestate, and that he died of the injuries inflicted, the court cannot say that the exclusion of such evidence was harmless.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

Action by James C. Lovelady as administrator against Birmingham Railway, Light & Power Company, for causing the death of his intestate. Judgment for defendant and plaintiff appeals. Reversed and remanded.

[Lovelady v. Birmingham Railway L. & P. Co.]

PINKNEY SCOTT, and B. M. ALLEN, for appellant.— The court erred in excluding the evidence.—*Bir. Ry. L. & P. Co. v. Jones,* 45 South. 177; *Thomas v. The State,* 139 Ala. 85; *Sims v. The State,* 139 Ala. 77; *Simmons v. The State,* 108 Ala. 27; *Paige v. The State,* 61 Ala. 16.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. —Under the evidence in either event the man injured was guilty of contributory negligence as a matter of law.—*Southern Ry. v. Shelton,* 136 Ala. 191; *Hooks v. Huntsville,* 41 South. 273. There was no evidence justifying the inference that the motorman was guilty of any negligence after he discovered the peril of the person injured.—*Johnson v. Bir. L. & P. Co.,* 43 South. 33. If there was error in rulings on evidence it was without injury since under any circumstances the defendant was entitled to the affirmative charge.—*Griffin v. Bass Foundry Co.,* 135 Ala. 490; *Bolling v. M. & M. Co.,* 128 Ala. 550.

MAYFIELD, J.—This is an action by the appellant against the appellee street car company, brought under the homicide statute, to recover punitive damages for its wrongfully causing the death of plaintiff's intestate.

The complaint contained a great number of counts; some declaring on simple negligence, some on wanton negligence, and some on willful injury. Some of these counts were palpably bad, to which demurrers were interposed, but overruled as to all. To each count the defendant filed a great number of pleas, general issue and special, to which special pleas demurrers were interposed, and sustained as to some and overruled as to others. Many of the rulings on the demurrers to the pleas were erroneous; but no questions as to the plead-

ings are raised or insisted upon. Hence we need not, and do not, consider them.

. A number of assignments of error as to the rulings on the evidence are insisted upon. Some of these are clearly good, to wit, those which go to the question of refusing to allow plaintiff to prove, by the physician who treated the wounds of the intestate on the night of the injury, that intestate died that night from the effects of the injury. This, of course, was material, competent, and relevant evidence, and we can see no reason for refusal to allow it. Hence, in declining to allow plaintiff to make proof of this fact, in the manner and at the time he offered so to do, there was error.

Had the court allowed the plaintiff to prove that the person shown by the evidence to have been run over by defendant's car was plaintiff's intestate, and that he died of the injuries thus received, we are not prepared to say that there would not then have been sufficient evidence to authorize the jury to infer actionable negligence, as alleged; nor are we prepared to say that the evidence conclusively showed negligence on the part of the intestate which proximately contributed to the injury. Therefore we cannot know that the errors, as to declining to allow plaintiff to prove the identity of the person run over by the defendant's car with the intestate, and that this person so run over by the car and treated by the physician died of the effects of the injuries thus received, were without injury to plaintiff.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.