# Louisville & Nashville Railroad Co. *v.* Travis.

*Damages for Furnishing Unwholesome Food.*

(Decided April 15, 1915.   68 South. 342.)

1. *Pleading; Amendment; Change in Cause of Action.*—Where the plaintiff originally sued for damages for having been made ill by food furnished to him by defendant, an amendment to the complaint alleging that plaintiff's illness was caused by eggs instead of by oysters, did not set up any new cause of action.

2. *Evidence; Opinion; Experts.*—Medical men, and cooks and others, long accustomed to handling and preparing oysters for the table as food, may testify as experts in respect thereto.

3. *Charge of Court; Emphasizing Evidence.*—The charge asserting that the oysters and eggs eaten by plaintiff neither appeared, tasted nor smelled tainted, was properly refused as laying undue stress upon parts of the evidence, and as not being conclusive of the case.

APPEAL from Cullman Circuit Court.

Heard before. Hon. D. W. SPEAKE.

Action by B. M. Travis against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 183 Ala. 415, 62 South. 851.

The following is charge 43: If you believe the evidence, I charge you that the oysters and eggs eaten by plaintiff neither appeared tainted nor tasted tainted, nor smelled tainted.

EYSTER & EYSTER, and GEORGE H. PARKER, for appellant.

F. E. ST. JOHN, and A. A. GRIFFITH, for appellee.

SAYRE, J.— (1) The wrong and injury complained of throughout was that plaintiff had been made ill by food furnished to him by defendant. Count 4, added by amendment at the trial, stated no new cause of action,

it showed merely that plaintiff's illness was caused by different means, by eggs, instead of oysters. The amended complaint, thus considered, was properly allowed, and it appeared without dispute that it was not barred by the statute of limitations of one year, and the court, properly so instructed the jury.

(2) It is rather obvious that the assignments of error based upon rulings on evidence have no merit, and they have not been very seriously argued. Some of these rulings related to opinion evidence. The witnesses whose opinions were admitted were expert, some as medical men, others as cooks and persons long accustomed to handling and preparing oysters for the table. A witness may have expert knowledge of some of the ordinary affairs of life.—*Staples v. Steed,* 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480. We have found no error in these rulings.

The court gave the law in charge to the jury as laid down in this case on former appeal.—*Travis v. Louisville & Nashville R. R. Co.,* 183 Ala. 415, 62 South. 851. It would serve no purpose to go over the subject again.

Charges were refused to appellant which went to the proposition that the evidence did not warrant an inference of negligence on the part of defendant, its servants and agents. By competent expert opinions of attending physicians appellee sought to show that his illness was the result of ptomaine poison, and, by a process of exclusion, that the putrefactive bacteria producing the poison found their way into his stomach by means of the food served to him on defendant's dining car. If the evidence to this effect was to be believed —and we find nothing to discredit it—appellee's case thus far was quite well established. This much established, the result of the ruling on the former appeal was to put upon appellant the burden of showing that its

servants, in the selection and preparation of the food, had exercised that degree of care which a reasonably prudent person would exercise in the selection and preparation of food for his own table. In this connection it was for the jury to consider, so far as concerned the oysters, the nature of sea foods and their commonly known capacity for rapid deterioration in certain conditions. It is possible that the highest degree of care consistent with the use of such articles as food may not suffice to detect the small beginning of a putrescent decay which by rapid development in the conditions provided by the human stomach may result in disastrous consequences. This appellee must be presumed to have known as well as the servants of appellant, and this general risk he took when he chose oysters for his food. But it was for appellant to show that its servants exercised the proper care in this case, and that such care failed to disclose any reason for suspecting the quality of the food. On the evidence we are unable to say that the jury was wrong in the inference it must have drawn to the effect that there was negligence in the last selection of the particular oysters served to appellee. At this point appears the most serious gap in the defense. On this point the witnesses for appellant were discredited in some particulars. And, in any event, the inference was one of fact for the jury, and we are not convinced that the conclusion reached was so far-fetched that the court ought to have interfered on the motion for a new trial.

(3) Charge 43, refused to appellant, was a mere argument, and laid undue stress upon parts of the evidence. The conditions named in the charge, which we construe, which at least the jury may have construed, as the conditions appearing to appellee when he ate the food, were not conclusive of the case. As to the oysters at

least, there may have been other probable indications of unsoundness which proper care might have detected in them while yet raw and undisguised by cookery and sauces.

It results that the judgment must be affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.