## Dannals *v.* Sylvania Township, Appellant.

*Negligence—Municipalities—Highways—Defects—Death — Circumstantial proof—Contributory negligence—Proximate cause—Case for jury.*

1. In actions to recover damages for accidents resulting in death, there must be affirmative proof of negligence before recovery can be had, but it is not always essential that there should be an eye witness of the occurrence. The proof may be furnished by the circumstances themselves; the test is whether they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant.

2. In an action to recover damages for the death of plaintiff's husband, it appeared that while deceased was walking on a public road at night he fell down an embankment and received injuries which caused his death. There was evidence of a dangerous gulley in the road, extending from the outer wheel track under the guard rail of the embankment, and it appeared that just before the accident, deceased was seen leading a blind horse along the road toward the place where the gulley was, and that shortly thereafter he was found at the foot of the embankment. There was evidence that the gulley was of such size and character that the accident might have been caused by deceased falling into it and rolling down the embankment. Defendant offered evidence that deceased was intoxicated, which, however, was disputed. *Held,* that the question of defendant's negligence, the contributory negligence of deceased, and the proximate cause of the accident were for the jury.

*Trials—Improper remarks of counsel—Refusal to withdraw juror—Abuse of discretion.*

3. Witnesses are entitled to the protection of the court. Where a witness has been grossly abused and insulted by counsel, it is not enough for the trial judge to characterize the remarks as highly improper and to instruct the jury to disregard them; the only effective method of correcting the mischief is to withdraw a juror and continue the case.

4. Where counsel for plaintiff in his speech to the jury spoke abusively of a witness, calling him a "drunkard" and "gutter-snipe," referred to the fact that one of the largest taxpayers of the defendant township had not gone on the stand, and that the clean, nice men of the township were not present at the trial, it was an abuse of judicial discretion to refuse to withdraw a juror and continue the

case at the request of counsel for defendant, and on appeal the judgment was reversed with a venire facias de novo.

Argued May 16, 1916.   Appeal, No. 108, Jan. T., 1916, by defendant, from judgment of C. P. Potter Co., Dec. T., 1914, No. 151, on verdict for plaintiff, in case of Martha L. Dannals v. Sylvania Township.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for the death of plaintiff's husband.   Before HALL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v., in refusing to withdraw a juror and continue the case and instructions to the jury.

*Archibald F. Jones,* with him *R. R. Lewis,* for appellant.—The evidence was insufficient to connect the defect in the road with the death of decedent: Allen v. Willard, 57 Pa. 374; Bailey v. Brown Township, 190 Pa. 530; Glancy v. McKees Rocks Boro., 243 Pa. 216; Runkle v. Pittsburgh, 238 Pa. 349; Allen v. Kingston Coal Co., 212 Pa. 54.

If the defects in the highway caused the death of decedent, he was, nevertheless, guilty of contributory negligence per se: Mueller v. Ross Township, 152 Pa. 399; Conrad v. Upper Augusta Township., 200 Pa. 337; City of Erie v. Magill, 101 Pa. 616.

The remarks of plaintiff's counsel in his address to the jury concerning certain of defendant's witnesses were so improper as to entitle defendant to a continuance, and it was an abuse of discretion to refuse defendant's motion therefor: Saxton v. Pittsburgh Rys. Co., 219 Pa.

492; Hollis v. United States Glass Co., 220 Pa. 49; Mc-Kahan v. Balto. & Ohio R. R. Co., 223 Pa. 1; Surface v. Bentz, 228 Pa. 610; Connelly v. Pittsburgh Rys. Co., 230 Pa. 366; Cook v. Erie Electric Motor Co., 225 Pa. 91.

*W. K. Swetland,* with him *F. A. Stebbins,* for appellee. —The evidence establishes that the negligence of the township was the cause of decedent's death.

The question of the contributory negligence of the deceased was for the jury: Iseminger v. New Haven Water & Power Co., 206 Pa. 591; Clark v. Philadelphia (No. 1), 46 Pa. Superior Ct. 253; Milliren v. Sandy Township, 29 Pa. Superior Ct. 580; Steck v. City of Allegheny, 213 Pa. 573; Hedricks v. Schuylkill Township, 16 Pa. Superior Ct. 508; Frey v. Penna. R. R. Co., 244 Pa. 443; Sturtz v. Del., Lack. & Western R. R. Co., 225 Pa. 249; Howett, et al., v. Philadelphia, Wilm. & Balto. R. R., 166 Pa. 607; Councilman v. Galeton Borough, 49 Pa. Superior Ct. 138; Sprowls v. Morris Township, 179 Pa. 219; Giovanelli v. Erie R. R. Co., 228 Pa. 33; Merriman v. Phillipsburg Borough, 158 Pa. 78.

The alleged improper remarks of counsel were not properly brought upon the record: Commonwealth v. Shields (No. 1), 50 Pa. Superior Ct. 1.

The trial judge corrected any prejudicial influence which the remarks of counsel might have had upon the jury: Holden v. Penna. R. R. Co., 169 Pa. 1; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492; Hollis v. U. S. Glass Co., 220 Pa. 449; McKahan v. Balto. & Ohio R. R. Co., 223 Pa. 1; United States Circle Swing Co. v. Reynolds, 224 Pa. 577; Moore v. Neubert, 21 Pa. Superior Ct. 144.

The remarks of counsel did no injury to the defendant: Commonwealth v. Greason, 204 Pa. 64; Commonwealth v. Striepeke, 32 Pa. Superior Ct. 82; Miller v. Philadelphia Rapid Transit Co., 231 Pa. 627; Lopresti v. Sulkin, 49 Pa. Superior Ct. 417.

OPINION BY MR. JUSTICE POTTER, October 2, 1916:

In this action of trespass, the plaintiff sought to recover damages from the Township of Sylvania, Potter County, for the death of her husband, Charles R. Dannals, which she alleged was due to the negligence of the supervisors of the township.

It appears that on April 11, 1914, about eight o'clock in the evening, while walking on a public road in the defendant township, near the village of Costello, Charles R. Dannals fell down an embankment at the side of the road, upon railroad tracks which were below, and received injuries which caused his death. Plaintiff alleged that there was a gully or washout in the road, extending from the outer wheel track under the guard rail to the embankment, which was dangerous to travelers on the highway; that it remained in that condition for several months prior to the accident, and that Dannals' fall had been caused by his stepping into this gully in the darkness. The maintenance of this dangerous condition of the road, and the failure to repair the road, was the negligence charged. On the part of defendant, the dangerous condition of the road was denied, and it was further contended that Dannals was intoxicated at the time, and that the accident was due to his own negligence resulting from his intoxication. The questions of defendant's negligence and the contributory negligence of the plaintiff's husband, were submitted to the jury. The verdict was for plaintiff, and defendant has appealed.

The first assignment of error is to the refusal of the court below to enter judgment in favor of defendant, non obstante veredicto. Counsel for appellant argue that there was no direct proof that decedent's fall was caused by the hole in the road, and that no facts were shown from which such an inference could fairly be drawn. They also urge that the presumption that decedent was sober, was rebutted, and that the evidence showed that decedent must have been negligent or intoxicated, or he would not have fallen.

It is true that no one saw the fall.   But it is undisputed, that, just before the accident, Mr. Dannals was leading a blind horse along the road.   He was accompanied by Mr. Glover, who carried a lighted lantern, as the night was dark.   Mr. Dannals had some trouble with the horse, and Mr. Glover volunteered to lead it.   Shortly afterwards he looked around, and Mr. Dannals had disappeared.   He could not have gotten out of sight, Mr. Glover said, unless he had fallen over the edge of the road, and, upon going down to the railroad track to make search, he found Mr. Dannals unconscious, and so badly injured by the fall that he died the same night.   There was evidence tending to show that a hole or washout had been permitted to exist at that spot, at the side of the road, for some months prior to the accident, and that it extended from a point near the wagon track to the top of the embankment, and under the guard rail was about three feet wide, and from five to seven feet deep, measuring from the guard rail, and that the hole was large enough for a man to fall into.   If he did so, he might go under the guard rail and down the embankment.   We think the testimony was sufficient to take the case to the jury on the question of defendant's negligence in permitting a dangerous hole to remain in the highway.

As to whether there was sufficient proof that the death of plaintiff's husband resulted from the negligence of defendant, the case at bar falls within the principles stated in Ferry v. Philadelphia Rapid Transit Co., 232 Pa. 403, where it was said (p. 405) : "In actions of this character, there must of course be affirmative proof of negligence, before recovery can be had.   But it is not always essential that there should be an eye-witness of the occurrence.   The proof may be furnished by the circumstances themselves.   The test is' whether they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant.   The discussion of this principle by Judge AGNEW, in Allen v. Willard, 57 Pa. 374, is instructive.   The

doctrine there laid down was cited with approval and applied by our Brother STEWART in the late case of Tucker v. Pittsburgh, Cin., Chicago & St. Louis Ry. Co., 227 Pa. 66, where he said with reference to the facts then before him, 'No one witnessed the occurrence, and, therefore, no one can testify how it did actually happen. The case is not very peculiar in this respect. Accidents in which life is lost not infrequently occur unwitnessed. Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause. When these are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the party charged, liability attaches.' Other late cases in which, while there were no eye-witnesses of the accident, it was held that the circumstances were such as to require the submission of the question of negligence to the jury, are Henderson v. Continental Refining Co., 219 Pa. 384, and Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214. See also the opinion in McManamon v. Hanover Township, 232 Pa. 439." In the last case, it appeared that the dead body of plaintiff's husband was found in a cut in a public highway of the defendant township, at the foot of an embankment over which ran a path in the direction of his home and on which he had been seen a short time before, apparently returning home. The condition of the body indicated that he had broken his neck by falling over the embankment. Mr. Justice MOSCHZISKER said (p. 443): "No one saw the decedent fall, and how the accident happened can be determined only by inferences to be drawn from the known facts. As before stated, the jury might have found the facts as we have outlined them, and hence it could not be said as a matter of law that the defendant township was not guilty of negligence in failing to guard this vertical cut on a populated main street."

The comment of the court in that case as to the possible contributory negligence of the decedent is equally

applicable here.   It was there said: "The remaining question is, Under the circumstances could it be ruled as a matter of law that the decedent was guilty of contributory negligence in using this unguarded path along the edge of the cut?   The path was the usual way for the people of the community to reach the houses on the embankment, and the mere fact that there was another way, or that the way chosen had points of danger which must have been known to the decedent, would not be enough necessarily to convict him of contributory negligence."

Counsel for appellant have cited in support of their position, the decision in Glancy v. McKee's Rocks Boro., 243 Pa. 216, where the facts are quite similar to those in McManamon v. Hanover Township, supra, but the plaintiff's evidence showed that, at the time the plaintiff's husband was last seen shortly before his death, "he was badly intoxicated and had been for some hours, although he was able to walk."   This fact, it was held, was sufficient to prevent the jury from finding that the negligence of defendant was the proximate cause of his fall, and, therefore, judgment was entered for defendant.   In the case at bar the question whether Mr. Dannals was intoxicated at the time of the accident was in dispute, and it was submitted to the jury in a charge no part of which is assigned as error.

The second assignment of error is to the action of the trial judge in overruling a motion, made by defendant's counsel, to withdraw a juror and continue the case, on account of alleged improper remarks made by plaintiff's counsel in his final address to the jury.

1. Counsel said, referring to one of defendant's witnesses, "The slums of the community were dug over to dig out that drunkard that has slept in the jails more nights than you or I can tell it.   Don't you think I don't know that drunkard and gutter-snipe that has been a disgrace to our community since he come there."

2. Another remark which he made, was this: "Andrew

Burleson is one of the largest taxpayers in this township. Has he said a word, has he gone on the stand?"

3. Another statement to which exception was taken was this: "Let me tell you that the representative people of Sylvania Township are not here. The supervisors are here by reason of our requesting them to be here at the end of a summons. With a very few exceptions the clean nice men of Sylvania Township are as far away as the north line is from the south line. The people of Sylvania Township made a mistake in electing their officers, and very likely they will take care of that hereafter."

It is not disputed that all of the above language was used by plaintiff's counsel, though it is argued that it has not been properly brought on the record. There was no evidence in the case to warrant any of the statements made.

Counsel for appellee object to the manner in which the remarks of counsel in the present case were placed on the record for review, and cites Com. v. Shields, 50 Pa. Superior Ct. 1, as stating that the recognized method of putting such remarks on the record "is to call the court's attention to them at the time, request that they be placed on the notes of trial and except to the court's ruling upon the motion to withdraw a juror and continue the case, or other similar motions." That was precisely what was done in the present case. Counsel for defendant moved the court to place the remarks, as taken down by the official court stenographer, on record, with defendant's exception thereto, and that the court withdraw a juror, and continue the case at plaintiff's costs. The remarks were placed on the record and certified to, by the official stenographer and the trial judge. Subsequently in his charge, the judge called the attention of the jury to the remarks and commented upon them. Appellee expressly concedes that the remarks as printed, were made by counsel while addressing the jury. Counsel for appellee state that an apology for any misstatement was

made, but counsel for appellant assert that the remarks were not withdrawn, and no apology was made. The record shows neither apology nor withdrawal.

In his charge the trial judge directed the attention of the jury to the motion to withdraw a juror and continue the case. He said to them that, in so far as the attack on the witness was concerned there was no evidence on the point, that the remark was highly improper, and that the jury must disregard it entirely. Also that in passing on the testimony of the witness referred to, and of all the witnesses, they must be guided by what they had themselves seen of them and not by any remarks of counsel. As to the statement in regard to Burleson, the judge said that it made no difference whether a man is a taxpayer or not, his testimony must be construed by the same rules to which he had already referred. The judge said he did not consider the other objections material, and concluded: "We do not imagine that anything counsel has said in this regard will have any influence on the minds of this jury; we certainly hope it will not." He then overruled the motion, and granted an exception to defendant.

In Lopresti v. Sulkin, 49 Pa. Superior Ct. 417, Judge RICE said: "The general rule is that a motion to withdraw a juror and continue the case, upon the ground of objectionable remarks made by counsel in addressing the jury, is addressed to the sound judicial discretion of the trial court, and its refusal of the motion is reviewable only for abuse of discretion.......But there are certain kinds of objectionable remarks which have been held to be so prejudicial in their nature as to be beyond correction by any admonition the court may give the jury to disregard them." The remarks of which complaint is here made are within the latter class. The abuse of the witness by counsel was outrageous, and the insulting language used was without palliation or excuse. The comments of counsel, as Mr. Justice GREEN said in Holden v. Penna. R. R., 169 Pa. 1, "were of the most of-

fensive and reprehensible character, not sustained by any evidence in the cause, and justly deserving the severe censure of the court." Witnesses are entitled to the protection of the court. It was not enough for the trial judge to characterize the remarks as highly improper, and to instruct the jury to disregard them. The only effective method of correcting the mischief, was to withdraw a juror and continue the case. The reflection upon defendant by counsel, in his statement that the representative, and clean, nice people of the township, with a very few exceptions, were not in court defending the suit, was also unjustified. These remarks were not supported by anything in the testimony and were manifestly intended to prejudice the jury against the defense which was made on behalf of the township.

The second assignment of error is sustained, and the judgment is reversed, with a venire facias de novo.