(77 South. 422)

NATIONAL LIFE INS. CO. OF AMERICA v. HEDGECOTH. (6 Div. 216.)

(Court of Appeals of Alabama. Nov. 20, 1917. Rehearing Denied Dec. 18, 1917.)

1. INSURANCE ⬅️640(2) — HEALTH POLICY — MISREPRESENTATIONS.

Pleas setting up insured's misrepresentations do not avoid the policy and are demurrable under Code 1907, § 4572, unless they were made with actual intent to deceive or unless the risk be increased.

2. APPEAL AND ERROR ⬅️1040(7)—HARMLESS ERROR—PLEADINGS.

Any error in sustaining a demurrer to certain of defendant's, pleas is harmless, where the same defense was available under another plea.

3. EVIDENCE ⬅️509—MEDICAL TESTIMONY—DURATION OF DISABILITY.

In an action on a health policy, a qualified physician familiar with plaintiff's ailment and who had actually treated him may express his opinion regarding the probable duration of plaintiff's disability.

4. INSURANCE ⬅️655(2) — MISREPRESENTATIONS—ADMISSIBILITY OF EVIDENCE.

On issue whether plaintiff insured made false representations in his application, evidence that defendant insurance company's agent filled out the application is admissible.

5. TRIAL ⬅️120(2)—ARGUMENT OF COUNSEL—SUPPORT IN EVIDENCE.

In action on a health insurance policy, argument of plaintiff's counsel that defendant had searched physicians' records throughout the county to get something on plaintiff, etc., held not reversible error, where there was evidence that defendant extensively investigated plaintiff's previous medical treatments.

6. INSURANCE ⬅️669(7) — HEALTH POLICY — INSTRUCTIONS.

In an action on a health policy, an instruction that plaintiff could only recover premiums

paid if he made misrepresentations increasing the risk held not erroneous, where the plea setting up such misrepresentations tendered the premiums.

7. APPEAL AND ERROR ⬅️997(3)—DIRECTED VERDICT—JURY QUESTION.

Refusing a requested affirmative charge for defendant is not reversible error where the evidence presents a jury question.

8. APPEAL AND ERROR ⬅️1005(2)—NEW TRIAL—JURY QUESTION.

Overruling a motion for new trial is not reversible error where the evidence presents a jury question.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by Nathan O. Hedgecoth against the National Life Insurance Company of America. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied 201 Ala.696, 77 South.1000.

Plaintiff sued defendant for the amount covered by the policy due him by reason of confinement on account of sickness during the months of December, 1914, and January and February, 1915. Plea A is that in the application for the policy the following provision occurs:

"I hereby apply to the National Life Insurance Company * * * for a policy to be based upon the following representation of facts."

And defendant avers that one of the representations made in said application was that insured had never had or been affected with any kind of heart disease or kidney trouble or kidney disease, and defendant avers that this was a material representation, and was fraudulently made by defendant, in order to procure the policy here sued on, and such misrepresentation was made with actual intent to deceive, and was false, and the matter misrepresented increased the risk of loss, wherefore defendant is not indebted to plaintiff in any sum, having paid into court all premiums, and the policy for which was paid by plaintiff. Pleas 2, 3, 7, 8, and B set these same matters up by way of misrepresentations and warranties, and that same formed a part of the policy contract. The matters set up in plea 4 was that insured was not disabled from performing all his duties for seven consecutive days, as is required by the provisions of the policy.

(5) The alleged disability for which plaintiff seeks to recover was contracted and begun before the policy became effective.

(6) Notice of the alleged disability for which plaintiff seeks to recover was not given within the time required by the terms and provisions of the policy contract sued on, wherefore plaintiff is estopped to now claim indemnity thereunder.

(C) The alleged disability was not caused solely by disease or illness which began during the life of the policy, or after 30 days from the date thereof, but that the alleged illness for which indemnity is claimed had its incipiency long before the policy was issued.

In his closing argument to the jury counsel stated to the jury that defendant had scoured the records of every doctor's office in the county to get something on plaintiff, and

also plaintiff was as sweet as a ten-cent bottle of Hoyt's Cologne as long as he was paying in, but as soon as he got sick he was as offensive as a polecat to the company. The following is the portion of the court's oral charge excepted to:

If the jury is reasonably satisfied from the evidence of every material averment of plea A, if you believe every material fact set up in the plea is true, and it has been established from the evidence, then this plaintiff could not recover anything back except the actual money he paid for the premium.

Mathews & Mathews, of Bessemer, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

BROWN, P. J. The appellant does not seem to seriously treat the assignment of error predicated on the action of the court in overruling the demurrers to the complaint. All that is said with reference thereto is "every material fact which constitutes the ground of plaintiff's action must be alleged in his declaration when the complaint does not follow the code form." This statement does not undertake to point out wherein the complaint fails to meet these requirements, nor do we find any such defect.

[1] The defendant's pleas numbered 2, 3, 7, 8, and B were subject to the objection pointed out in the demurrer, either that they do not aver that the alleged misrepresentations were made with actual intent to deceive, or that the matter misrepresented increased the risk. Code 1907, § 4572; Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 South. 119; Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 South. 409.

[2] Moreover, it appears from the record that the defendant had full benefit of the defense sought to be set up by the pleas eliminated by demurrer, under its plea A. Empire Life Ins. Co. v. Gee, 178 Ala. 492, 60 South. 90.

The matters made the subject of pleas 4, 5, 6, and C were available to the defendant under the general issue.

[3] Dr. Carter's qualification to testify as an expert was admitted by the defendant, and it was shown that he had treated the plaintiff, and was familiar with the character of plaintiff's ailment. On this showing it was permissible for the doctor to state his opinion as to the probable duration of the plaintiff's disability, for the purpose of aiding the jury in determining this question of fact. Chamberlayne's Modern Law of Evidence, § 2375; Jones on Evidence, §§ 368–371; L. & N. R. R. Co. v. Stewart, 128 Ala. 313, 29 South. 562; Southern Ry. Co. v. Hobbs, 151 Ala. 335, 43 South. 844; Lovelady v. B. R. L. & P. Co., 161 Ala. 494, 50 South. 96; Dixon v. State, 139 Ala. 104, 36 South. 784; L. & N. R. R. Co. v. Travis, 192 Ala. 453, 68 South. 342; Travis v. Louisville & N. R. Co., 183 Ala. 415, 62 South. 851.

[4] One of the issues was as to whether certain statements imputed to the plaintiff in the application and made the basis of defendant's plea A were false, and made by the plaintiff with intent to deceive, and it was permissible for the plaintiff to show by the witness Wier, who acted as defendant's agent in taking the application, that Wier filled out the blank, and that the statements embodied therein were the statements of the witness, and not of the plaintiff.

[5] There is some evidence tending to show that the defendant had made extensive investigation as to medical advice and treatment obtained by the plaintiff at different places and from different physicians, and while the statements of counsel in argument might be termed rather extravagant, they are not wholly unsupported by the evidence.

[6] In view of the tender of the premiums, as embodied in defendant's special plea A, we see no merit in the appellant's exception to the oral charge of the court.

[7, 8] Under the evidence, the case was for the jury, and the refusal of the affirmative charge to defendant, and the overruling of its motion for new trial, do not constitute reversible error. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

Affirmed.