(137 So. 435)

## SANITARY MARKET v. HALL.

### 6 Div. 938.

Supreme Court of Alabama.

Nov. 5, 1931.

Harris & Cook and Prosch & Prosch, all of Birmingham, for appellant.

G. P. Benton, of Fairfield, for appellee.

THOMAS, J.

The trial was had on amended count B for assault and battery, and defendant's plea of the general issue in short by consent. The issues were narrowed by consent and instruction to the jury to the fact as to whether or not there was committed on the person of plaintiff an assault and battery by defendant's agent or servant.

The elements of an assault or assault and battery, and the legal effect of mere words under the pleading, were properly defined to the jury. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516. The judge thus instructed the jury:

"Now, if a person in rudeness or in anger as much as lays a finger upon the person, without that other person's consent, that's an assault and battery.

"I will, repeat it to you, that if a person in rudeness and in anger, and without the consent of another person, as much as lays his finger upon another person, without the consent, and in rudeness and in anger, upon the person of another, that constitutes an assault and battery, so that was there or was there not an assault and battery committed upon this lady?

"What is the truth? You and you alone are the sole judges of the questions of fact; that is not my province. * * * Is it true that the servant or agent the defendant here, while acting in the line and scope of his agency or employment, did he snatch the bundle out of the lady's arm, or not? Did he lay his hands upon the lady's arm in rudeness and in anger and against her will, or not? Is that true or is it false?"

. The count on which trial was had was not challenged by demurrer for not averring the date or time of the alleged injury. Sloss-Sheffield S. & I. Co. v. Sampson, 158 Ala. 590, 48 So. 493; 49 C. J. 144, § 154.

We are not of opinion that the count was defective for duplicity. The charge and claim of damages were for the wrongful assault and battery, accompanied with words descriptive thereof—of the nature and aggravation. It is not within the rule of Central of Georgia R. Co. v. Carlock, 196 Ala. 659, 72 So. 261, 262, where the specific charge was "wrongfuly arrested and imprisoned plaintiff for a long time"; nor within that of Southern Railway Co. v. Bunnell, 138 Ala. 247, 36 So. 380, where the charge was the failure of duty of carriage of a passenger and injuries sustained in being wrongfully ejected from the train. We have no duplicity where the claim is for damages resulting from assault and battery merely.

Demurrer to count B, on grounds assigned, was properly overruled.

There. was no error in not entering a mistrial for the asking of the following question: "I will ask you to state whether or not the cashier at that time told you that they had discharged that man because he was so mean to the ladies that came in the store?"

The bill of exceptions recites as to this:

"Defendant's Counsel: Then and there and in open Court stated to the Court that he will

ask the Court to enter up a mistrial on the statement of the Solicitor for the plaintiff; that he is trying to prejudice the jury's mind, and that it is not fair to this defendant; it is not legal testimony, what statement the cashier may have made, and object to the very same question that has already been sustained and move the Court to enter up a mistrial.

"The Court: I won't make a mistrial gentlemen, but it is not competent; you won't consider it.

"Plaintiff's Counsel: We except.

"The Court: I will say this to you. You won't pay any attention to that statement, because it is incompetent and it is improper, and you won't be prejudiced thereby; if I thought you were, I would make a mistrial of the case. You just forget that.

"The Defendant: Then and there and in open Court duly and legally excepted to the Court's refusal to enter up a mistrial."

The matter sought was not answered, and, if so, was not of the character of erroneous matter that was introduced by way of evidence or argument, held inflammatory or improper and ineradicably prejudicial. Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Birmingham Ry., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Rose v. Magro, 220 Ala. 120, 124 So. 296; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Watts v. Espy, 211 Ala. 502, 101 So. 106.

■ There was no reversible error in declining to exclude plaintiff's argument to the jury that defendant has never made any apology to the plaintiff. It was, no doubt, meant to be understood as a mere comment on the evidence and the conduct of the plaintiff at the time, as shedding light on intention.

■ There is a further exception to objectionable argument of counsel. We quote the excerpt and its context from the bill of exceptions:

"Counsel for Plaintiff in his oral argument to the jury made the following statement:

"The Defendant had never made any apology to the Plaintiff.

"The Defendant: Then and there and in open Court duly and legally objected to that argument.

"The Court: The question is whether or not there was an assault and battery committed on this lady, and if so, what is the damage. I will instruct the jury when I come to it that the question here is just one of an assault and battery and they will assess the damages.

"The Defendant: Then and there and in open Court stated that we object to those words, may it please the Court, they will assess the damages used by the Court.

"The Court: I will tell the jury when it comes to the charge.

"Counsel for plaintiff made the further following statement in his oral argument to the jury:

"That that's a usual occurrence, that is the way they treat people."

This, probably, should have been excluded by the court ex mero motu. Wolffe v. Minnis, 74 Ala. 386. In Watts v. Espy, 211 Ala. 502, 503, 101 So. 106, the court was properly invoked to amend and eradicate any prejudicial effect of the first remark. Such timely and proper action is not shown to have been taken by defendant where the last remark was made by counsel. There was no objection at the time to the remark last indicated, and, under the rule of American Ry. Express Co. v. Reid, 216 Ala. 479, 484, 113 So. 507, was not reviewable, if presented by motion only.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.