162 So. 116

### BIRMINGHAM NEWS CO. v. PAYNE.

6 Div. 460.

Supreme Court of Alabama.

June 6, 1935.

Lange, Simpson & Brantley, of Birmingham, for appellant.

London, Yancey, Smith & Windham and John W. Altman, all of Birmingham, for appellee.

THOMAS, Justice.

The trial was had on amended counts A and B, declaring respectively for simple negligence and wanton conduct causing the injury. The pleadings of defendant were in short by consent, with the usual leave to give in evidence matters of defense that may be pleaded, and with the right of a due reply.

 The order of presentation by appellant of alleged errors will be followed for the sake of convenience, and only those duly insisted upon will be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

Arguments of counsel to the jury, requiring the granting of a mistrial, or the granting of a new trial on motion, must not only be (1) improper and illegal, but (2) of such prejudicial character as that its probable effect is ineradicable by exclusion and rebuke on the part of the court. Anderson v. State, 209 Ala. 36, 95 So. 171; F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Pryor et al. v. Limestone County, 225 Ala. 540, 144 So. 18; Birmingham Electric Co. v. Ryder, 225 Ala. .369, 144 So. 18. There are illustrations of several classes of arguments of counsel condemned and held ineradicable under the circumstances of each case. They may be catalogued as follows: (1) There is no ironbound rule—each case rests upon its own

facts, Anderson v. State, 209 Ala. 36, 95 So. 171; (2) arguments making reference to the wealth of defendant, Watts v. Espy, 211 Ala. 502, 101 So. 106; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Pryor et al. v. Limestone County, supra; Birmingham Electric Co. v. Ryder, supra; (3) where plaintiff's counsel, in arguing the case, said he knew defendant's attorney, and if he was on the jury, he would render a verdict for plaintiff in a large sum, Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; (4) arguments without evidence that the defendant was protected by insurance indemnity, Standridge v. Martin, 203 Ala. 486, 84 So. 266; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18; and (5) references or appeals to race or class prejudice, Moulton v. State, 199 Ala. 411, 74 So. 454; Sanitary Market v. Hall, 223 Ala. 525, 137 So. 435; Watts v. Espy, supra.

Cases of improper arguments held eradicable by due action taken by counsel and the court may be illustrated: (1) By arguments in a murder case, that if the defendant is declared insane, he would be released in due course of events, Anderson v. State, 209 Ala. 36, 95 So. 171; (2) by a statement of fact outside the evidence, to the effect that a defendant who would put a witness like that on the stand would go any length to defeat an honest claim, Davis, Director General, v. Quattlebaum, 210 Ala. 242, 97 So. 701; (3) by the question of whether witness had been arrested elsewhere, Milton v. State, 213 Ala. 449, 105 So. 209; (4) questions to show plaintiff in a damage suit had a family, Tennessee Coal, Iron & R. Co. v. Spicer, 206 Ala. 141, 89 So. 293; (5) by arguments outside the record, as that customers fell on an oily and dusty floor of a store, F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; and (6) by arguments beside the record as to personal relationship between attorney and client, F. W. Woolworth Co., Inc., v. Erickson, supra.

■ It is further established in this jurisdiction as to argument that is improper, yet its influence is eradicable when objection is made and sustained, that the trial court will not be put in error for failure to more fully and adequately charge or instruct the jury by way of eradication, unless additional action by the court is duly requested, or due motion made and predicated thereon. Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 104, 91 So. 879; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664; Kansas City, Memphis & Birmingham R. Co. v. Webb, 97 Ala. 157, 11 So. 888; F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Anderson v. State, 209 Ala. 36, 95 So. 171.

■ In the instant objection, counsel was merely expressing an opinion as to the medical work offered in evidence after predicate was duly laid and after its exhibition and inspection by the witnesses. It is true that on formal introduction in evidence the title page was not offered in evidence on the part thereof that was indicated as germane. It was, therefore, not unnatural that appellee's counsel should have made reference to that work and its author, which was in the class of invited comment. McQueen v. Jones, 226 Ala. 4, 7, 145 So. 440. The court instructed the jury to disregard the observation or argument as to this, and this was sufficient.

■ Further objection was made as to argument of counsel calling for a substantial verdict by way of punishment, made the basis of the wanton count. We are of opinion the argument as made was improper and prejudicial, and should not be indulged in on another trial. However, the case will be reversed for error in introduction of the evidence by Dr. Littlejohn to be discussed later.

■ We may further observe that defendant's counsel, after saying to the jury in argument, "He wants to get something to prejudice this jury. * * * He wants you to return a verdict against me in this case because I went and got a book that treats this thing in a clear way, and because he finds the word insurance there, and he knows some people don't like insurance companies and railroad companies," proceeded to discuss the book in evidence. Aside from this argument, and as a reply thereto (the wanton count was submitted to the jury under the evidence), and this appeal made for punishment by way of damages for wanton conduct, the argument in question (assignment of error 21) was prejudicial error, as we have indicated.

■ The further error in argument urged is stated in the record as follows:

"Mr. Windham: * * * I want to say to you in frankness and fairness,—I know you gentlemen want to be honest and fair in this case,—but in view of the fact this woman will never have another opportunity to recover for these injuries, I would rather you would have a mistrial and not award any

verdict in this case and let it go to another day and to another jury, and let that jury fix the amount, than to go in the jury room and award some small sum like five or ten thousand dollars, and say to her that is all, during the whole of your life, you will ever receive for the wrecking of your body, and for the disrupting of your nerves and for the tearing down and breaking up of your mind; that is all you will ever get.

"Mr. Simpson: If the Court please, if the Gentleman has concluded with that statement, I object to that statement that he would rather they would have a mistrial than have a small verdict, as a statement of his opinion.

"The Court: Overrule the objection.

"Mr. Simpson: We except.

"Mr. Windham: I will amend my own argument at my own volition, if the Court will allow me. I will modify it to say in my judgment it would be better for this plaintiff from the facts and from the evidence that it should be that way.

"I thank you for your attention, gentlemen."

■■ The voluntary retraction or change of statement by plaintiff's counsel did not substitute the opinion or judgment of counsel for that of the jury, or did not improperly argue for a mistrial. To use the language of Mr. Chief Justice Stone, "In addressing the jury, counsel must be allowed [within legitimate bounds] to select and pursue their own line of argument, their own methods of dealing with the testimony." This right is secured to parties at interest before the court by the Constitution (Const. 1901, § 10). Cross v. State, 68 Ala. 476, 481; Beaird v. State, 219 Ala. 46, 121 So. 38. In such a matter much discretion is allowed to trial courts, in and necessary to a due and orderly procedure, and in the accord of the right of due process. Bass v. State, 219 Ala. 282, 122 So. 45; Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; Frost v. State, 225 Ala. 232, 142 So. 427; Peterson v. State, 227 Ala. 361, 150 So. 156.

■ In this connection it may be remarked that Miss Findley had testified for plaintiff, and on her cross-examination stated she had just approached the crossing and was a little upon the intersection when stricken; that it was raining; that she parked her car and came back and looked at the number of the truck that had run into her from the rear, and asked its driver "Why he hit me"; that "he didn't want to talk to me," but "said he didn't see me until he hit me," whereupon the following proceedings occurred:

"Q. Did I ask you that? Why did you make that statement? I didn't ask you that.

"Mr. Windham: Now, if the Court please, Mr. Simpson—

"Mr. Simpson: I would appreciate it if the Court would instruct the witness to answer my questions and not make voluntary statements. I move the Court to exclude that statement (referring to witness's answer, he didn't want to talk to me, he said he didn't see me until he hit me).

"The Court: Excluded."

Defendant's counsel, having said to the court, "I would appreciate it if the Court would instruct the witness to answer my questions and not make voluntary statements," and moved the exclusion of the answer, "he didn't want to talk to me, he said he didn't see me until he hit me," the court excluded that statement. Plaintiff's counsel, as we have indicated, stated to the court that defendant's counsel "has browbeaten this witness and plagued her," and asked the court for permission to make a statement, and this request being granted, stated: "* * * Mr. Simpson has examined this witness in a very wearisome way. Now, he has gotten what he don't want and now he wants to brow-beat the witness.

"Mr. Simpson: I object to that statement. I move the Court to declare a mistrial on account of that statement.

"The Court: The attorney has a right to cross examine the witness. I will overrule the motion for a mistrial."

In this action we find no reversible error; the trial court being in a better position to exercise a sound discretion and judge the situation which gave rise to the remark in the first instance, and the reply thereto, provoking the statement of the court and the statement thereto by plaintiff's counsel, made the basis of the motion for a mistrial.

■ Assignment of error No. 6 challenges the action of the court in permitting a question to and answer by Dr. Littlejohn, which question, after a long recital of hypothetical facts, ended with, "I will ask you whether or not in your opinion she would be capable of taking the witness stand and testifying in this lawsuit concerning these injuries with the balance of mind that any ordinary, normal person would be capable of doing?" Objection to this question was on the ground that it "calls for a matter not

within the expert knowledge of this witness any more than any other person; not a matter of expert testimony for this doctor; and it doesn't set forth or recognize a correct standard as to whether or not the plaintiff should be or could be permitted to testify if her attorneys desired her to testify." The objection was overruled and exception being reserved, the doctor—an expert—then answered: "Assuming all those facts to be true, I wouldn't consider that she would probably be a competent witness." The cases cited by appellant, as illustrative of this proposition, are: Councill v. Mayhew, 172 Ala. 295, 55 So. 314, where the statement of a witness was that of the issue to be tried; Dersis et al. v. Dersis et al., 210 Ala. 308, 98 So. 27, where the issue was whether a testator was mentally competent to execute a will; and Wear v. Wear et al., 200 Ala. 345, 76 So. 111, where a nonexpert witness was not permitted to state whether the decedent had mental powers sufficient to transact his ordinary business (after stating the facts on which the opinion was based), held admissible in that case.

However, these cases did not warrant the question propounded and permitted over defendant's objection to Dr. Littlejohn. The plaintiff was not offered as a witness and the judgment of the court was not invoked as to her competency. The inquiry was immaterial. And it was not permissible for the opinion of an expert to be thus substituted for the judgment of the court to determine whether or not a person was or was not a competent witness.

Dr. Donald, a witness for plaintiff, was asked: "Q. Doctor, what is your judgment as a physician and surgeon, and based on the facts in this case as you have stated them to the jury, as to the cause of her present condition that you find her in at this time?"

To which he answered: "A. Came from the injury."

This question and answer do not come within the influence of Travis v. L. & N. R. Co., 183 Ala. 415, 427, 62 So. 851, where the defendant, as a nonexpert witness, was not permitted to give his opinion that the spoiled oysters made him sick; yet declared competent for such witness to tell his symptoms or physical condition after eating the oysters, which was not an expression of an opinion as to the cause of the symptoms detailed by the nonexpert witness. In the instant case, there was no dispute about the injury; the only question of inquiry being whether that injury created the condition or mental state which extended to and existed at the time of the trial. This was sought to be testified to (after a proper predicate) by a medical expert with full knowledge of the facts. J. H. Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46; Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547; Connors-Weyman Steel Co. v. Harless, 202 Ala. 317, 80 So. 399; Burleson v. Gillam, 205 Ala. 673, 89 So. 36; Lovelady v. Birmingham Railway, L. & P. Co., 161 Ala. 494, 50 So. 96; Kansas City, Memphis & Birmingham R. Co. v. Butler, 143 Ala. 262, 38 So. 1024.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.