171 So. 728

## SINCLAIR v. TAYLOR.
### 6 Div. 992.

Supreme Court of Alabama.
Jan. 7, 1937.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for appellant.

Harrison Kendrick, of Birmingham, for appellee.

171 So. 733

## BOHANNON v. ACTON.

### 6 Div. 969.

Supreme Court of Alabama.

Jan. 7, 1937.

THOMAS, Justice.

This action was commenced in the circuit court of Jefferson county by Vera Taylor, a negro girl, a minor under 21 years of age, who sued by her next friend, Dave Young, against Pauline G. Sinclair individually and doing business as the A. F. Sinclair Transfer Company, for injuries suffered November 21, 1934. Verdict and judgment was for the plaintiff.

The trial was had on count A as last amended. Demurrer to this count was overruled, and the parties pleaded in short by consent.

Assignments of error challenge the action of the trial court in declining to enter a mistrial on defendant's motion, and in overruling defendant's motion as amended for a new trial.

The cases have been recently collected as to the several classes of improper argument of counsel; so, also, have those dealing with classes of eradicable and ineradicable improper argument of counsel been collected in Birmingham News Co. v. Payne, 230 Ala. 524, 162 So. 116. We need do no more than cite the following: Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas.1914C, 1037; Wolffe v. Minnis, 74 Ala. 386; Tannehill v. The State, 159 Ala. 51, 48 So. 662; Anderson v. State, 209 Ala. 36, 95 So. 171; Pryor et al. v. Limestone County, 225 Ala. 540, 144 So. 18; American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507; Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Wagner v. Hazle Township, 215 Pa. 219, 64 A. 405; Dannals v. Sylvania Township, 255 Pa. 156, 99 A. 475, 4 A.L.R. 409.

We are of the opinion the case should be retried, freed of such prejudicial and ineradicable observations outside of the evidence and made by plaintiff's counsel in his argument to the jury and reflecting upon defendant's counsel. The motion for new trial should have been granted on this ground.

The judgment of the trial court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.