176 So. 464

BIRMINGHAM ELECTRIC CO. v. CARTER.

6 Div. 150.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

THOMAS, Justice.

The assignments of error relate to the failure of the court to declare a mistrial on account of the remarks of plaintiff's counsel in the presence of the jury.

The court overruled the motion, stating there was nothing before the court to authorize such a statement; that it was an improper statement; and that the jury "must not consider it." The defendant excepted to the rulings of the court.

The observation is made in Sinclair v. Taylor, 233 Ala. 304, 171 So. 728, that the cases have been recently collected as to the several classes of improper arguments of counsel and also those cases dealing with classes of eradicable and ineradicable arguments of counsel by instruction of the court. Birmingham News Co. v. Payne, 230 Ala. 524, 162 So. 116 and Anderson v. State, 209 Ala. 36, 95 So. 171.

We have carefully examined the colloquy indulged in by the respective counsel and in addressing the court, and the court's reply thereto, on which the two assignments of error are predicated, and believe the matter of which complaint is made was of the class of an improper remark of counsel that may not be, and was not, eradicated by the court's instruction to the jury.

In his argument the counsel for plaintiff made statements which are set out by the reporter, and to this objection was made by defendant's counsel. The matter was highly improper and prejudicial. The court said: "I will overrule the motion, but instruct the jury not to regard that argument of counsel, it isn't based on any facts in the case, no evidence to support it."

Whereupon the plaintiff's counsel replied: "I would like to say, gentlemen of the jury, that I have no desire to try this case on anything but the facts that happened here, and if I got off of those facts

out there I got off to answer what I thought Mr. Simpson had gotten up here and said to you, criticising me for saying something about witnesses in the first place. As I recall his opening statement, he got up here and talked to you, in his opening statement, criticising me for making a remark about not subpoenaing witnesses here."

To this defendant's counsel replied: "What I said, I resented the gentleman's statement that if he subpoenaed witnesses that we would go out there and change their testimony. I think the jury understands that, that is his statement, that we would be out there trying to change their testimony."

Whereupon plaintiff's counsel replied: "Are you through?"

No reply was made to such question stated above.

This argument of plaintiff's counsel, being beyond the evidence was highly prejudicial, and the instruction of the court to the jury, as to the remarks in question, was not sufficient to eradicate such prejudicial effect.

The authorities are collected in Sinclair v. Taylor, 233 Ala. 304, 171 So. 728 and in Birmingham News Co. v. Payne, 230 Ala. 524, 162 So. 116.

The cause should be retried, freed of such prejudicial remarks and argument of counsel.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.