101 So.2d 321

### Virgil C. MOORE, d/b/a Acme Loan Company,

v.

### Willie B. CROW.

### 6 Div. 144.

Supreme Court of Alabama.

March 6, 1958.

Chester Austin, Birmingham, for appellant.

Matt H. Murphy, Jr., Birmingham, for appellee.

GOODWYN, Justice.

The appellee, Willie B. Crow, brought suit against appellant, Virgil C. Moore, doing business as Acme Loan Company, in the circuit court of Jefferson County to recover damages (compensatory and punitive) for malicious prosecution. There appears to be no dispute that the manager of appellant's loan company signed a warrant for appellee's arrest on a charge of forgery and that she was tried on said charge and found not guilty. In the instant case, on the issue of "malice and probable cause," the jury found for appellee and assessed her damages at $7,500. Appellant's motion for a new trial being overruled, he brought this appeal.

The principal questions presented for review relate to the overruling of defendant's objections to portions of plaintiff's counsel's argument to the jury, the refusal of certain written charges requested by the defendant, and excessiveness of the verdict.

After full and careful consideration of the record we are at the conclusion that reversible error was committed in overruling defendant's objections to certain portions of plaintiff's argument to the jury. In view of this, there is no need to consider the other errors assigned.

The following occurred during plaintiff's opening argument to the jury:

"Mr. Murphy: [attorney for plaintiff] * * * Now, gentlemen, use your ordinary common sense in everyday affairs in dealing with Negroes. They are not as intelligent as you are and if Willie Crow went down there and they misunderstood and thought she was Josie Crow, you saw her testify. I think she was attempting to tell it to you the best she could in her own humble way. I think you gentlemen realize both of them were humble darkies, not smart-alecky darkies, but humble Negroes and she tried to answer the questions the best she could when she went to the loan company. Gentlemen, it is in black and white. Whether their names got mixed up or not down there I think is an insignificant point but I do know Willie B. Crow appears on the back of this slip at 206 – 2nd Court North and Josie Crow appears on it and *to show the point of the transaction, the money was paid back, $9.50 was paid back and the thought has occurred to me, gentlemen, during the course of this trial, suppose you go to the Acme Loan Company like Willie B. Crow did and borrow $15 and pay back a total amount of 80% interest* and—[Emphasis supplied.]

"Mr. Austin: We object to that, if the Court please, as incompetent, irrelevant, immaterial and illegal argument.

"The Court: Is it within the facts in evidence?

"Mr. Austin: No evidence to show anybody attempted to collect any such thing. We say it isn't within the purview of this case.

"Mr. Murphy: Mr. Killian said they obligated themselves to pay back $27 and he gave them $15.

"The Court: I will overrule.

"Mr. Austin: We except."

During plaintiff's closing argument the following occurred:

"Mr. Murphy: * * * Mr. Austin told you gentlemen that you don't collect money in the Criminal Court, but, gentlemen, I have tried a lot of cases and so has he and he has had a lot of cases up here, gentlemen, and so have I where a person is convicted and applies for probation and *you will find, gentlemen, I am telling the truth that you have got to make complete restitution before the Court will put you on probation. That is the way they collect the money. That is the way they do it. 'Yes, you go to the penitentiary or you give me my money.'* [Emphasis supplied.]

"Mr. Austin: We object to that as illegal argument.

"The Court: I am sorry, what was that?

"Mr. Austin: Mr. Murphy made the statement, 'You will give me my money or you will go to the penitentiary' where you have a conviction in a criminal case. We say that is illegal argument.

"The Court: I will overrule.

"Mr. Austin: We except.
  *    *    *    *    *    *

"Mr. Murphy: * * * [W]e ask for punitive damages so that you gentlemen can say and send out the word in this county that we will not tolerate the use of Criminal Court for the collection of a civil debt. Punitive damages, gentlemen, to tell that

loan company that they shall be punished for swearing out maliciously and without probable cause those two warrants and throwing that Negro woman in jail over there and causing her not only to endure the agony of jail but the agony of going to trial and not knowing what is going to happen. She is ignorant and she doesn't know. I say to you gentlemen it is a serious matter. It is a matter of utmost consequences. *Are we going to let the loan companies in Jefferson County like the Acme Loan Company take even one of us and throw us in jail for a civil debt and make us undergo the rigors and tortures of the damned?* [Emphasis supplied.]

"Mr. Austin: I object to that as illegal argument.

"The Court: Overrule.

"Mr. Austin: We except."

We have held that much must be left, in the matter of an attorney's argument, to the enlightened judgment of the trial court, with presumptions in favor of its rulings; and that, to justify a reversal, we must conclude that substantial prejudice has resulted. Adams v. Queen Ins. Co. of America, 264 Ala. 572, 580, 88 So. 2d 331; Birmingham News Co. v. Payne, 230 Ala. 524, 528, 162 So. 116; Birmingham Electric Co. v. Mann, 226 Ala. 379, 381, 147 So. 165. In the light of the record as a whole, the issue involved in this case, and the amount of the verdict, we think substantial prejudice to the defendant resulted from the overruling of his objections to the foregoing arguments.

■ In the criminal proceeding plaintiff was charged with forging her mother's name, "Josie Crow", to the note evidencing the loan, and the question there presented was, of course, whether she was guilty of that charge. In the instant case the only issue on the trial was whether the defendant, maliciously and without probable cause, had plaintiff arrested and prosecuted on the forgery charge. The plaintiff's argument to the jury was clearly to the effect that defendant had charged usurious interest on the loan. We think that argument was improper and prejudicial.

■ We find no evidence concerning the practice of the courts of Jefferson County with respect to granting probation in criminal cases. We think the objection to that portion of the argument was also well-taken.

■ This was not an action involving all loan companies in Jefferson County but was confined to one individual operator. The effect of this part of the argument was to put the defendant on trial for all the loan companies in Jefferson County.

■ It seems to us that the action of the trial court in overruling the defendant's objections tended to put the court's stamp of approval upon such argument, thereby accentuating the prejudicial effect of it.

■ Since the argument in each instance was duly objected to and the objection overruled by the trial court and an exception duly taken, there is no occasion to decide whether the argument of counsel, as insisted upon by appellant, was so grossly improper and highly prejudicial as that neither retraction nor rebuke by the trial court would have destroyed its prejudicial influence. See Nichols v. State, Ala.Sup., 100 So.2d 750; Washington v. State, 259 Ala. 104, 108–109, 65 So.2d 704; American Ry. Express Co. v. Reid, 216 Ala. 479, 484, 113 So. 507; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 216, 102 So. 130.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.