## ROWLAND *vs.* WALKER.

1. Where, in an action to recover the purchase money of three slaves, sold by the plaintiff to the defendant, issue is joined on the plea of failure of consideration, proof that the plaintiff had offered them, within twelve months immediately preceding the sale, at three hundred and fifty dollars less than he sold them for to the defendant, is relevant, as in some degree conducing to show, especially in connection with other evidence, that one of the slaves was unsound at the time of the sale.

2 The declarations of a slave, when sick, relative to the symptoms and nature of the disease under which he is laboring, whether made to a physician or other person, are admissible as original evidence.

ERROR to the Circuit Court of Dallas. Tried before the Hon. N. Cook.

THE plaintiff sued the defendant in error on a note given for the purchase money of three slaves, which were sold by the former to the latter, with warranty of soundness. The case was tried on issues formed upon the pleas of non-assumpsit and failure of consideration. The points raised by the bill of exceptions will be understood from the opinion.

EVANS, for the plaintiff in error.

LAPSLEY & HUNTER, for the defendant.

PARSONS, J.—1. The court permitted the defendant to prove by Mr. Saunders, that the plaintiff had offered to sell the three slaves to him, the witness, in May 1846, at the price of seventeen hundred and fifty dollars, and to this evidence the plaintiff excepted. This was less by three hundred and fifty dollars, than the price at which they were sold to the defendant, in March, 1847. This circumstance may have conduced in some degree, especially with other evidence, to prove that one of the slaves, Martin, was unsound, and we think there was no error in admitting the evidence.

2. The slaves had been for some time in the possession of Mr. Saunders, and he proved that Martin was sick for about two days, in July 1846. The defendant then asked the witness to state of what the slave complained, while confined by sickness, respecting his pains, symptoms, &c., and the court, against the objection of the plaintiff, permitted the witness to answer the

question, and he stated that he complained of pain in his head, back and knees, and said he was sick all over, and to this evidence the plaintiff also excepted. This witness was not a physician.

The question is whether the slave's declarations relative to his symptoms, &c., were admissible evidence. The case of Turney v. Knox, 7. Monr. 88, is not at hand, but it is briefly stated by the court in Mauldin & Terrell v. Mitchell, 14 Ala. 814, thus—the declarations of a negro were judged inadmissible, because he was an incompetent witness; it was, however, held, that they might be received in connection with, and as the foundation of the opinion of a physician, to whom the communication was made. Other cases were cited also in Mauldin & Terrell v. Mitchell, but none going so far as Turney v. Knox, which qualified and limited the general rule as to such declarations, because the party making them was an incompetent witness. The general rule is, that whenever the bodily or mental feelings of an individual are material to be proved, the usual expression of such feelings, made at the time in question, are original evidence. So, also, the representation, by a sick person, of the nature, symptoms and effects of the malady, under which he is laboring at the time, are received as original evidence, whether made to a medical attendant or any other person, though not, in the latter case, of so much weight.—1 Greenl. Ev., 178 § 102. In all such cases the weight or credit due to the evidence is a question for the jury, to be determined in view of the attending circumstances. But I do not think that such representations are inadmissible as evidence, because the individual making them was incompetent as a witness in the cause. Its admissibility is said to stand upon the doctrine of *res gestæ*, (2 Phil. Ev., 577; Cow. & Hill's notes, note 447,) as well as upon the necessity of the case.

In Aveson v. Lord Kinnaird and others, 6 East. 188, the defendants, on the 22d Nov. 1802, insured the life of the plaintiff's wife, then warranted in good health, and the plaintiff brought his action on the policy. The defendants pleaded that she was not in good health, &c. The defendants proved by one Susannah Lee that she visited Mrs. Aveson and found her in bed sick, and that she then made representations relative to the state of her health at the time and previously, extending back to the time

when she went to Manchester, to obtain the certificate of her health, with a view to the insurance. The question was whether these representations were evidence, and they were admitted, and properly admitted as all the judges thought. Lord Ellenborough said : "No confidence has been violated, nothing extracted from the bosom of the wife which was confided there by the husband ; but the question being, what was the state of her own health at a certain period, a witness has been received to relate that which has always been received from patients to explain her own account of her being found in bed at an unusual hour with the appearance of being ill. She said it was of some duration, several days. She assigned her going to Manchester as a period when she was laboring much under the disorder. Then if inquiries of patients by medical men with the answers to them are evidence of the state of health of patients at the time, this must be evidence." He adds, among other things, that such evidence must be resorted to from the very nature of the thing. Gross, J., concurred and said it was the best evidence the nature of the case afforded. Taking all she said, it showed her own opinion of the state of her health back to the time of the insurance, and on that ground he thought it was evidence. Lawrence, J., also concurred and said : "As to the general ground of objection to the evidence as hearsay, it is in every day's experience in actions of assault that what a man has said of himself to his surgeon is evidence to show what he suffered by reason of the assault. The wife was found in bed at an unusual time ; she complained of illness, and naturally answered her friend's inquiries by describing how long her health had been bad, and she carried it to a period antecedent to her examination by the surgeon at Manchester," and it was admitted for this purpose.

There was another ground upon which the court also thought the evidence was admissible, but it is not necessary to state it; for they all thought it admissible on the first ground, although the declarations were not made to a physician.

In the case of Miss Goodwin v. Harrison, 1 Root's Rep. 80, the plaintiff brought an action against the defendant for giving her a dose in some toddy. On the trial the plaintiff's mother was offered as a witness to testify what the daughter's complaints were when she first saw her the next morning, after the affair happened, and what she said about it. This was objected to as

being hearsay from the plaintiff and therefore not admissible; but by the court, the mother was allowed to relate what the plaintiff told her the next morning when she first saw her, as being an exception from the general rule, founded upon the necessity of the case. Now a wife is not a competent witness against her husband, but her representations made when sick about her disease, its duration, &c., are evidence against him. A party assaulted and injured is not a competent witness in his own action, to prove the nature and extent of his suffering, yet his representations of them to his surgeon, made while he was suffering, are evidence for him in his action. Neither was Miss Goodwin a competent witness to prove, in her own suit, her injury from the dose, but her declarations about it to her mother, made while she was suffering from the dose, as I infer from the case, were evidence for her. The admissibility of such declarations, therefore, does not rest upon the ground that the party making them was a competent witness, but whether upon the doctrine of *res gestæ*, the nature or necessity of the case, the competency of the party as a witness is immaterial. We think there was no error in admitting the negro's declarations with respect to his sickness, as proved by Mr. Saunders. They were to be carefully weighed by the jury.

3. As to the next point, it follows that there was no error in admitting the negro's declarations afterwards made to his physician.

Let the judgment be affirmed.