## JONES vs. NIRDLINGER.

1. In assumpsit by the owner of a slave to recover money which his slave had paid to the defendant on being detected in stealing goods from his store; the slave's confession, made at the time of the payment, that he had stolen other goods from the defendant equal in value to the money paid, is admissible evidence for the defendant, as a part of the *res gestae*, to show the character of the payment and the circumstances under which it was made.

ERROR to the Circuit Court of Madison.
Tried before the Hon. Thos. A. Walker.

This was an action of assumpsit by the plaintiff in error against the defendant. General issue, and verdict for the defendant.

It appears, from a bill of exceptions sealed upon the trial, that the plaintiff proved that the money sued for was paid over to the defendants by a negro man, the slave of the plaintiff; that the slave was allowed by his master, the plaintiff, to hire his own time, make contracts, &c., and to keep what he made, paying his master hire. The proof showed that the slave was employed by the defendants as a servant in their store, and while in their employ, was detected in purloining goods from the establishment, whereupon he was taken up by the clerk of the defendants, who, in company with the town constable, examined his house, and found several pieces of goods belonging to the defendants, and .five hundred and eight dollars in money. It was shown that the defendants' store had been previously robbed of goods, and that small sums of money had at different times been missed from the money drawer, to which said slave had access. It appeared, however, that the slave had three or four hundred dollars before he entered the defendants' service.

Upon finding the goods in his possession, the slave confessed that the goods they had found belonged to the defendants; that he had stolen them from their store, and had·frequently stolen from them, and had sent some of their goods to Limestone County; he further stated, that although he could not tell the amount he had thus stolen, he was satisfied he had taken enough to amount to two hundred and fifty dollars, and that if the defendants would be satisfied with that sum, he would willingly pay it to them for the goods he had stolen. The defendants thereupon accepted the money, and the slave kept the goods. In the court below, the plaintiff's counsel moved to exclude the confessions of the slave from the jury, but the court overruled the motion, and this ruling of the court is here assigned for error.

D. C HUMPHREYS, for the plaintiff:

Insisted, that from the relation the slave bore to the mas-
31

ter, what money the slave was possessed of belonged to the master; that in view of that relation, considerations of public policy forbid that the admissions of the slave should be received to defeat the action by the master; that the slave was no party to the record; had no interest in the subject-matter of the suit; and that there was no such legal privity between the master and slave in respect to their right to the property, as would legalize the admissions of the slave as evidence. He denied that the slave had such legal existence as would render his admissions evidence to the prejudice of others, upon the ground that they constituted part of the *res gestae*, and argued, that to bind the master by such admissions, the slave must have express authority from the master as his agent.

In support of these views he cited 1 Greenl. Ev. §§ 171, 180, 189, 191, 170, 177, and Mauldin & Terrill v. Mitchell, 14 Ala. Rep. 814.

R. C. BRICKELL, for the defendant:

Argued, that the declarations of the slave were parts of the *res gestae;* that they were contemporaneous with the main fact, and were admissible as part of it, in order to explain and elucidate it.   He cited Enos v. Tuttle, 3 Conn. R. 250; 1 Greenl. Ev. §§ 120, 108; Rowland v. Walker, 18 Ala. 749; Anderson v. Lord Kinnard et al. 6 East, 188; Parris v. Jenkins, 2 Rich. Rep. 106.

CHILTON, J.—After a careful examination of this case and the authorities cited, we are satisfied that the court below properly refused to exclude the declarations of the slave.

The master sought to recover money which the slave had paid to the defendants.   The proof showed that the slave hired his own time from his master, and was permitted by him to make contracts for himself, and to receive what he made.   It therefore became necessary to ascertain the nature of this payment, in order to determine the rights of the parties growing out of it; for, although the slave and the property he may possess, alike belong to the master, still it is settled, that if the latter permit his slave to retain and dispose of a portion of his earnings, he cannot recover them back,

Skanklin v. Jones, 9 Ala. Rep. 271. In order, then, to ascertain the character of the payment, it was indispensable to give evidence of the contemporaneous parol agreement, in compliance with which the money was paid. All the concomitant circumstances tending to elucidate and explain the payment, and to show on what account it was made, were properly admissible as parts of the *res gestae ;* 1 Greenl. Ev. § 108 ; Rowland v. Walker, 18 Ala. Rep. 749, and cases there cited.

The admissions of the slave, and the proposition made by him to pay the money, as based upon them, and the actual payment on the acceptance of the proposal, are parts of one transaction, and, as contemporaneous connected circumstances, are indispensable to show in what manner the slave parted with the money sued for, and the character in which the defendants received and hold it. There is nothing in the case of Mauldin & Terrill v. Mitchell, (14 Ala. Rep. 814,) which militates against the view here taken; for in that case it was held that the declaration of the slave was not connected with any act done, and could not, therefore, have constituted part of it. See 2 Rich. R. 106.

Let the judgment be affirmed.