## KELLY vs. CUNNINGHAM.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Admissibility of declarations of sick slave.*—The declarations of a slave whose soundness is in controversy, made to a person who was not a physician, to the effect "that he had the dropsy, that it was an old disease, and had been on him a long time," are not competent evidence.

2. *Damages.*—In an action to recover damages for a breach of warranty of the soundness of a slave, the right to recover the reasonable charges of the physicians who have attended the slave, does not depend on the fact that they have been paid.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. NAT. COOK.

THIS action was brought by Lewis Cunningham, against Christopher Kelly, to recover damages for a breach of warranty of the soundness of a slave, named George, who was sold by defendant to plaintiff in January, 1854. The defendant pleaded, in short by consent—"1st, *non*

Kelly v. Cunningham.

*assumpsit;* 2d, want of consideration in the warranty; and, 3d, failure of consideration in the warranty." On the trial, as appears from the bill of exceptions, the plaintiff introduced one Brown as a witness, who testified, "that he had known the slave George, from 1851, up to the time of his death, in November or December, 1857; that he had frequently seen said slave during that time at church; and that said slave told him, on one occasion, that he had the dropsy, that it was an old disease, and had been on him a long time." It being shown that this witness was not a physician, the defendant moved to exclude from the jury what he had said about the slave's declarations to him; but the court overruled the motion, and the defendant excepted. The plaintiff also introduced as witnesses two practicing physicians, each of whom testified to the performance and value of professional services rendered to the slave while sick, "and that the same had not been paid, but secured by the plaintiff; and this was all the evidence in regard to the payment of said physicians' fees." The defendant asked the court to instruct the jury, that before they could allow the plaintiff anything for physicians' fees, they must be satisfied from the evidence that said fees had been paid before the commencement of this suit"; which charge the court refused to give, and the defendant excepted.

The rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

SMITH & AIKEN, for appellant.

HEFLIN & FORNEY, with WALDEN & BOWIE, *contra.*

A. J. WALKER, C. J.—"Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings, made at the time in question, are original evidence. So, also, the representations by a sick person, of the nature, symptoms and effects of the malady under which he is laboring at the time, are received as original evidence."—Rowland v. Walker, 18 Ala. 749; Eckles & Brown v. Bates, 26 *ib.* 655; Phillips v. Kelly, 29 *ib.* 628; Holloway v. Cotten, 33 *ib.* 529;

Blackman v. Johnson, 35 *ib.* 252. These declarations are admitted, to the extent indicated, on a principle of necessity, and as a part of the *res gestæ*, whether made to a physician or not, and whether made by a slave or a free person. But the principle does not include declarations which do not describe the feelings of the declarant, or the symptoms and effects of his malady, but which simply declare the existence and past duration of a disease, in the detection and proper denomination of which some degree of skill is necessary. The declarations of the slave, "that he had the dropsy, that it was an old disease, and had been on him a long time", were inadmissible.

[2.] The plaintiff's right to recover the reasonable charges of the physicians who attended upon the diseased slave, did not depend upon the fact of his having paid them.—Garrett & Hill v. Logan, 19 Ala. 344; Miller v. Garrett, 35 *ib.* 96.

The judgment is reversed, and the cause remanded.