# State Life Insurance Co. *v.* Westcott, *et al.*

## *Action on Insurance Policy.*

(Decided April 20, 1910.  52 South. 344 )

1. *Constitutional Law; Insurance; Statutes.*—Construing together sections 4572 and 4583, Code 1907, it is held that they are not violative of section 1, article 14, Constitution of United States, but are valid, and their effect was to supersede a provision in a policy of life insurance in an insurance company in Indiana written on an application executed in Alabama, reciting that the party stipulated that it should be an Indiana contract and should be determined in accordance with its laws.

2. *Appeal and Error; Harmless Error; Pleading.*—Where the defendant had the benefit of the evidence on all the matters set up under pleas to which no demurrer was sustained, it was harmless error to sustain a demurrer to other similar pleas.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by Samuel H. Westcott and other as executors, etc., of the estate of William D. Westcott against the State Life Insurance Company of Indianapolis on a policy of life insurance.  Judgment for defendant and plaintiff appeals.  Affirmed.

R. L. HARMON, and CHARLES F. COFFIN, for appellant.  In the absence of section 4572, Code 1907, there can be no doubt but that the pleas set up a valid defense to the policy sued on.—25 Cyc. 819; *Kelly v. Life I. Co.,* 113 Ala. 453; *Marsh v. Met. L. I. Co.,* 65 Am. St. Rep. 887; *Webb v. S. M. L. I. Co.,* 126 Fed. 635; *Home Life v. Myers,* 112 Fed. 846; *Ala. G. L. I. Co. v. Johnson,* 80 Ala. 467.  The court erred in overruling demurrers to the 4th plea.—194 Mass. 56.  On the above cited authority, the court should have overruled demurrers to pleas

5, 6, 7, 8, 9, 10 and 11. There is nothing in the statutes in Alabama preventing the parties to the contract of insurance from stipulating as a part of the contract that it shall be governed by the laws of the state of Indiana. —65 Am. St. Rep. 715; 54 S. W. 753; 73 Am. St. Rep. 244; 38 L. R. A. 33; 59 Am. St. Rep. 411; 57 N. E. 645. The court will presume that the common law prevails in Indiana, and the rights of the parties will be determined accordingly.—*Snow v. The S. N. Co.,* 69 Ala. 111; *Dana & Co. v. Brewer & Co.,* 69 Ala. 191; *Gluck v. Cox,* 75 Ala. 310; *Erwin Ex. v. Bailey,* 72 Ala. 467. The insured died within the year and the policy was contestable by its terms, and the premium paid on the policy had been deposited in the court for the use of the parties, and the answer to the question referred to in the pleas were material to the risk.—43 Atl. 374; 22 Wall. 47; 91 U. S. 512; *Ala. G. L. I. Co. v. Johnson, supra;* 25 Cyc. 819. Section 4572 is violative of section 1, article 14, Constitution United States.—*Am. Union L. I. Co. v. Judge,* 191 Pa. St. 481; 25 Cyc. 788; *Jeffries v. Mutual L. I. Co.,* 22 Wall. 47; *S. & N. v. Morris,* 65 Ala. 193; *Smith v. L. & N.,* 75 Ala. 449; *Randolph v. B. & P. Sup. Co.,* 106 Ala. 501.

JOHN V. SMITH, for appellee. It is conceded that the application was taken in the state of Alabama, and in view of our statutes, it is clearly an Alabama contract notwithstanding the stipulation to the contrary contained in the policy.—*Fidelity M. L. I. Co. v. Miller,* 33 C. C. A. 211; *Craven v. New York L. I. Co.,* 71 Am. St. Rep. 628; *Equit. L. A. Soc. v. Clements,* 140 U. S. 236; *Oscanyan v. Winchester R. A. Co.,* 103 U. S. 261. The statute is clearly not unconstitutional.—Authorities supra and 4 Dill. 177; 32 Fed. 273; 153 U. S. 446; 43 Wis. 449; 47 Oh. St. 409; 94 U. S. 532; 10 Wall. 410;

165 U. S. 578. The answers to the questions were representations and not warranties.—*M. B. L. I. Co. v. Lehman,* 132 Ala. 643; *Providence S. L. I. Co. v. Pruett,* 141 Ala. 688; *Ala. G. L. I. Co. v. Garner,* 77 Ala. 210. As to the habits of insured, attention is directed to the following cases.—*Aetna L. I. Co. v. Davey,* 123 Ala. 739; *Knickerbocker L. I. Co. v. Foley,* 105 U. S. 350. Section 4572 is remedial in its nature and there is no question of the right of the legislature to pass it.—*M. L. I. Co. v. Mechanics' S. P. & C. Co.,* 72 Fed. 418.

SIMPSON, J.—This suit is by the appellees against the appellant on a policy of insurance on the life of William D. Westcott, deceased. The defense set up is that the defendant is not liable, because of certain false statements, or misrepresentations, made by the deceased, in answering certain questions in the application for the policy; the main point of contention being as to the constitutionality and effect of certain statutes of Alabama.

The application and medical examination were made through a "soliciting agent" in Montgomery, Ala., and sent to the defendant at its office in Indianapolis, Ind. It is stated in the application that applicant agrees "that any contract based upon this application shall, at all times and places, be held to have been made at Indianapolis, Ind., and shall in all respects be determined in accordance with the laws of said state." In said application are also the following words : "It is hereby agreed that all the foregoing statements, and also those I make to the company's medical examiner, which are hereby made a part of this application, are specifically intended by me to be warranties, and are offered to the company as a consideration for the policy applied for, which policy I agree to accept," etc.

Section 4583 of the Code of 1907 provides that "all contracts of insurance, the application for which is taken within the state, shall be deemed to have been made within this state, and subject to the laws thereof." Section 4572 provides that "no written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor, or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

The insistence of the appellant is that, notwithstanding section 4583, the parties are still at liberty to contract that the policy shall be governed by the laws of another state; and, second, that section 4572 is violative of section 1, art. 14, of the Constitution of the United Sttaes, which prohibits the passage of "any law which shall abridge the privileges or immunities of citizens," etc. The authorities cited by appellant are to the point that, as a general proposition, citizens may make contracts, providing that they shall be governed by the laws of another state; but a reading of the entire chapter containing the sections cited shows that the intention of the Legislature was that all conracts made on applications signed in the state should be governed by its provisions, and that the statute should override any provision in the contract contrary thereto.

In a case in which a statute required the insurer, by its agent, to examine the property and fix its value before issuing a fire policy, and made it liable for the entire amount of the policy, while the policy provided for the usual way of fixing the actual cash value of the property at the time of the fire, etc., and for arbitration, the court held that the provisions of the contract con-

trary to the statute were invalid, and, citing a number of cases, and among them a strong opinion by Judge Brewer, late of the Supreme Court of the United States, held to the doctrine that these statutes are made for the express purpose of preventing the operation of provisions in the contract of insurance, which are often printed in small type, and that to give them such an interpretation as to allow the parties to waive their provisions in the contract of insurance would destroy the very object and purpose of the statute. The statute "molds the obligation of the contract into conformity with its provisions."—*Queen Ins. Co. v. Leslie,* 47 Ohio St. 409, 24 N. E. 1072, 9 L. R. A. 45.

Where the statute of Missouri provided a rule of commutation different from that expressed in the contract, the Supreme Court of the United States said: "The manifest object of this statute, as of many statutes regulating the form of policies of insurance, * * * is to prevent insurance companies from inserting in their policies conditions of forfeiture or restriction, except so far as the statute permits. The statute is not directory only, or subject to be set aside by the company, with the consent of the assured; but it is mandatory, and controls the nature and terms of the contract into which the company may induce the assured to enter."—*Equitable Life Society v. Clements,* 140 U. S. 226, 233, 11 Sup. Ct. 822, 825, 35 L. Ed. 497.

Judge Taft, in construing a similar statute of Pennsylvania, said: "This is one of a class of statutes passed in many states to relieve against the hardships arising from the strict enforcement of the common law of warranties, in insurance policies, concerning matters having no real or proximate relation to the risk assumed by the insurer. By the aid of such warranties and the innocent mistakes of the insured, it often happened that the insurer was able to escape liability on a ground

[State Life Insurance Co. v. Westcott, et al.]

having no real merit, and of the purest technicality. That such statutes are remedial in their nature, and are quite within the police power of the Legislature, is no longer a debatable question."—*Penn. Mut. L. Ins. Co. v. Mechanics' S. B. & Tr. Co.*, 72 Fed. 418, 19 C. C. A. 286, 38 L. R. A. 33.

The case of *Kelly v. Life Ins. Clearing Co.*, 113 Ala. 453, 21 South. 361, was decided shortly before the general statutes readjusting the insurance laws of the state, in which these sections occur, and they were doubtless adopted to meet that case. We hold that the section in question is not violative of the Constitution of the United States, and that the provisions of the contract are governed by the terms of the statute.

In addition to what has been said, the policy itself provides that "all statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties, and no such statement shall avoid this policy, unless it is contained in the application therefor." This clause is somewhat ambiguous in its meaning, and we have thought it best to dispose of the question on the law, as above announced.

What has been said disposes of the questions raised on the pleadings. The matters alleged in the pleas to which demurrers were sustained were reasserted in pleas subsequently filed, and which were allowed to stand, so that, if there was any error as to either of them, it was error without injury. The defendant had the benefit of evidence on all of the matters alleged, and the court, sitting as a jury, passed upon the facts.

We find no error in the record, and the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.