(80 South. 470)

TRAVELERS' INS. CO. v. WHITMAN.
(8 Div. 92.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

1. INSURANCE ☞629(1) — ACCIDENT INSURANCE—CODE PLEADING.

Counts of complaint on accident policy conforming to analogous forms contained in Code held sufficient as setting out contract of insurance in legal effect, though not in hæc verba, and as averring insurer had notice of death as required by policy.

2. APPEAL AND ERROR ☞1040(6)—PREJUDICIAL ERROR—DEMURRER TO PLEA.

If plea was not subject to demurrer, well assigned, reversible error was committed in sustaining demurrer to it, where defense presented was not embraced in other pleas on which issue was joined.

3. INSURANCE ☞629(2) — ACCIDENT INSURANCE—PLEADING—CONSIDERATION.

Counts of complaint on accident policy held to aver sufficiently that policy was in writing and founded on valuable consideration.

4. INSURANCE ☞640(2) — ACCIDENT INSURANCE — PLEADING — MISREPRESENTATION BY INSURED.

Plea to complaint on accident policy, averring that certain statement made to insurer in application was made "with intent to deceive and did deceive" the insurer, held not demurrable for its omission of the word "actual" in connection with "intent," as used in Code 1907, § 4572.

5. EVIDENCE ☞123(10)—RES GESTÆ—ACCIDENT INSURANCE.

In action on accident policy, testimony of bystander as to what he did and said in assisting insured a few moments after his fall, while yet alive, held admissible as res gestæ.

6. INSURANCE ☞662(1) — ACCIDENT INSURANCE—EVIDENCE—NOTICE OF LOSS.

In action on accident policy, where notice of loss required by policy was made an issue,

beneficiary having been absent from state at time of death, her absence, illness, and immediate subsequent death were circumstances admissible for jury to consider on issue of due notice to insurer.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by E. D. Whitman against the Travelers' Insurance Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Tillman, Bradley & Morrow, of Birmingham, and Callahan & Harris, of Decatur, for appellant.

G. O. Chenault, of Albany, for appellee.

THOMAS, J.   The case was tried on two counts of the complaint, declaring upon a policy of accident insurance, to which demurrer was assigned.

[1] Several of the grounds of demurrer overruled to counts 2 and 3 were that the contract of insurance was not set out in hæc verba or in legal effect, and it was not averred defendant had notice of the death of insured as required by the terms of the policy. "Section 5321 of the Code of 1907 commands brevity in pleading, but brevity consistent with perspicuity and such an intelligible statement of facts as that a material issue in law or fact can be taken by the adverse party. The Code also contains a number of forms of complaint, which have the force of law, and provides, in section 5322, that any pleading which conforms substantially to the schedule of forms is sufficient. In Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538, a complaint on a policy of life insurance, confessedly insufficient at the common law, was sustained because it was in substantial conformity to the analogous forms prescribed by the Code for complaints on policies of marine insurance and on dependent covenants or agreements." Adler & Co. v. Pruitt, 169 Ala. 213, 225, 53 South. 315, 319 (32 L. R. A. [N. S.] 889). Though the Code contains no form of complaint on a policy of this character, yet if the counts conform to the analogous forms contained in the Code, aver the performance of any precedent condition or warranty contained in the policy, and aver the happening of the event on which the liability of insurer attached within the meaning and life of the policy, they are sufficient. Penn. Casualty Co. v. Perdue, 164 Ala. 508, 511, 51 South. 352; Prudential Casualty Co. v. Kerr, ante, p. 259, 80 South. 97; Pacific Mutual Life Ins. Co. v. Shields, 182 Ala. 106, 108, 62 South. 71; Sov. Camp W. O. W. v. Ward, 196 Ala. 327, 71 South. 404.

[2] The complaint does not set out the terms of the policy in hæc verba.   Count 2 thereof avers that on March 11, 1915, the defendant insured "W. P. Vines against

death, by accident, for a term of six consecutive periods of two months each thereafter," gives the name of the beneficiary therein, avers the death of insured occurred on July 20, 1915, "at a time when said insurance was in full force," that "said W. P. Vines died as the result of an accident," and that the defendant has had notice, for more than 60 days before the bringing of this suit, of the accidental death of the said W. P. Vines. Count 3 followed count 2 in averment, except that the event of liability by the terms of the policy was averred to have been "death by external, violent, and accidental means"; that, while the policy was in full force, "said W. P. Vines died from external, violent, and accidental means, in this: He fell and struck his head upon a brick pavement from which he died, of which the defendant has had notice." In short, the two counts declared upon a policy, insuring against death by accidental means, and alleged that death occurred from such cause within the life of the policy. This was sufficient declaration that the policy was in writing and founded on a valuable consideration. Prudential Casualty Co. v. Kerr, ante, p. 259, 80 South. 97.

In Pacific Mut. L. Ins. Co. v. Shields, supra (182 Ala. 108, 62 South. 72) Mr. Justice Mayfield observed of the sufficiency of averment that—

"While the complaint does not, in its allegations, follow the terms of the policy ipsissimis verbis, it does aver that the death of the insured was the result of an 'accidental injury independent of all other causes.' This we think was sufficient. It was unnecessary to aver the exact language of the policy."

In Shields' Case all the justices concurred. It is true that Nat. L. & A. Ins. Co. v. Lokey, 166 Ala. 174, 177, 178, 52 South. 45, 46, contains the expression:

"A policy which insures against death resulting directly and independently of all other causes from bodily injuries effected through external, violent, and accidental means, though in a sense a policy of life insurance, is not the sort of policy contemplated in form 12 of section 5283 of the Code, nor does it evidence the character of contract men have in mind when they speak of life insurance."

Yet Mr. Justice Sayre expressly stated that the complaint (being discussed) followed the form laid down in the Code as for an action on a policy of life insurance:

"But the second count of the complaint states an action on a policy of accident insurance, * * * and under this count the policy offered was admissible in evidence."

In the instant case counts 2 and 3 did not follow the Code form and declare as on a policy of life insurance, but on a policy insuring against death by accidental means, and aver that within the life of the policy the death of the assured occurred as the result of such accidental means. The Lokey and Shields Cases are not in conflict.

Appropriate assignments of error challenge the action of the trial court in sustaining demurrer "to plea 12 as amended." In its original form the plea was to the effect that the application to defendant by the insured for the policy sued on, by the terms of the policy, is made a part thereof; and in said application it is provided that the falsity of any statement contained therein shall "bar the right to recover if such statement is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company"; and it is further averred that in said application for insurance the insured made the statement that no application ever made by him for life, health, or accident insurance had been declined, and it is averred that said statement was false in this:

"Prior to said application to said defendant, the insured had made application for life insurance to a brotherhood society the name of which is unknown to defendant, and said application was declined. And defendant avers that the said statement made to the defendant in said application to defendant for insurance was made with intent to deceive defendant, and did deceive defendant."

To this plea demurrer was sustained, several grounds of which were that the plea fails to show that any application for life, health, or accident insurance made by assured had been declined, and that it is not alleged when and where the insured had made any application for any insurance which had been declined. Thereafter the record contains this recital:

"Defendant amends plea No. 12 after demurrer sustained by averring the insurance applied for by the said Vines in said benevolent order or society was for life insurance on his life, and the application was made within 12 months prior to the application for the policy sued on the time being otherwise unknown to the defendant. The defendant hereby tenders to the plaintiff and pays into court the sum of $12, being the amount of premiums paid by the said W. P. Vines, with interest thereon."

The amendment of the judgment nunc pro tunc shows that, after plaintiff's demurrers to pleas 1, 3, 4, 5, 6, and 7 were sustained, defendant filed pleas 8, 9, 10, 11, 12, 13, 14, and 15; and that, when demurrers to pleas 11 and 12 were sustained, defendant filed amended pleas 11 and 12, to which demurrer was sustained. Issue was joined on counts 2 and 3, upon pleas 2, 8, 9, 13, 14, and 15, and on replications 1, 2, and 3. Thus does the record not sustain the insistence of appellee's counsel that the demurrer sustained to plea 12 was before the last amendment or that the plea was abandoned by defendant. It is true the record fails to show the grounds on which the court rested its ruling on demurrer to that plea—the record not con-

taining the demurrer to the plea as amended. That plaintiff assigned demurrer thereto is apparent from the recital of the judgment entry as amended nunc pro tunc.

The plea sought to make answer to both counts of complaint by the averment that by the contract terms of the policy any representation made in the application procuring the same being untrue and made with the intent to deceive, or materially affect the company's risk, rendered void the policy. As to this, the allegations of the plea were in legal effect that, in the application by which the insurance was procured, the insured represented that he had never made application for insurance in another company which was declined, but that, within 12 months of the issuance of said policy, the insured had made application for life insurance in another company which application was declined; and that such misrepresentation in said application, on which issued the instant policy, was made with intent to deceive, or that it materially affected the hazard or risk assumed by the company. Tender was made of the amount which had been paid by the insured as premiums thereon, together with interest, as required by statute. Code, § 4573; Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897.

In Kelly v. Life Ins. Clearing Co., 113 Ala. 453, 21 South. 361, it was declared that, where the policy of life insurance contained reference to an application for insurance relating to the taking out of the insurance, the policy and the application would be considered as constituting the contract of insurance; and where, in such application, insured made statements in answer to printed questions certifying they were true, the contract stipulations of the policy being that if such statements were not true the policy of the insurance should be void, such statements by the insured were held as warranties, and, if untrue, rendered void the policy.

The instant plea goes further in averment, stating that the matter misrepresented in the application for insurance was made with the intent to deceive defendant, and did deceive defendant. The Kelly Case, being decided immediately before the general statute readjusting the insurance laws of the state (Gen. Acts 1896–97, pp. 1377, 1389) was adopted, February 18, 1897, no doubt sections 4572, 4573, and 4583, Code 1907, or the substance thereof, were inserted in the act to meet that announcement of the case to the effect that, notwithstanding the misstatement by insured in the application for insurance was immaterial to the risk, it was binding as warranty, defeating the policy. By section 4572 of the Code it was declared that misrepresentation in application for insurance or proof of loss shall not defeat or void the policy, or prevent its attaching, unless such misrepresentation "is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss." This

section has been recently construed by our court. Mass. Mut. L. I. Co. v. Crenshaw, 195 Ala. 263, 269, 70 South. 768, L. R. A. 1916F, 175, note; Empire L. I. Co. v. Gee, 171 Ala. 435, 439, 55 South. 166; State L. I. Co. v. Westcott, 166 Ala. 192, 52 South. 344; Allen v. Standard Ins. Co., supra; Afro-Amer. L. I. Co. v. Adams, 195 Ala. 147, 70 South. 119; Pac. Mut. L. I. Co. v. Hayes, 200 Ala. 246, 76 South. 12; Metropolitan L. I. Co. v. Goodman, 196 Ala. 304, 71 South. 409; Amer. Nat. Ins. Co. v. Moore, 14 Ala. App. 413, 415, 70 South. 190; Nat. L. I. Co. v. Hedgecoth, 16 Ala. App. 272, 77 South. 422.

[3, 4] The defense of the misrepresentation made by assured in the application for insurance, on which instant policy issued, was sought to be presented by defendant's amended plea 12, and it was not embraced in the other pleas on which issue was joined. If the plea was not subject to demurrer, well assigned, reversible error was committed in sustaining demurrer to that plea. In this connection, it will be noted that the statute requires that such misrepresentation be made with "actual intent to deceive," or that the matter misrepresented increase the risk of loss. The recital of the amended plea is that the misrepresentations were made "with intent to deceive defendant and did deceive defendant." Is the omission from the plea of the word of the statute "actual" embraced in its averment that "said statement made to defendant in said application to defendant for insurance was made with intent to deceive, and did deceive, defendant"? It is difficult to understand that a misrepresentation, made with a full knowledge of the facts and with the intent to deceive, and that had the effect of deceiving the party so intended to be deceived by the misrepresentation, could be other than a misrepresentation made with "actual" intent to deceive. Mr. Justice Thornton well stated this in Farwell et al. v. Metcalf, 61 Ill. 372, 374, as follows:

"Deceit excludes the idea of mistake, and fraud has been termed a grosser species of deceit. Deceit is a fraudulent misrepresentation, by which one man deceives another, to the injury of the latter. Where false statements are made, with intent to deceive and defraud, the necessary implication is that the person making such false statements, with such intent, has a knowledge of their falsity. Otherwise the false character of the misrepresentations, and the intent to deceive, could not coexist."

Recent decisions by our court on deceit are Corry v. Sylvia y Cia, 192 Ala. 550, 68 South. 891, Ann. Cas. 1917E, 1052; Greil Bros. Co. v. McLain, 197 Ala. 136, 72 South. 410; Manning v. Carter, 201 Ala. 218, 77 South. 744; Prestwood v. Carlton, 162 Ala. 327, 50 South. 254.

Mr. Justice Sayre, discussing the defense sought to be interposed in Mass. Mut. L. I. Co. v. Crenshaw, supra, said that insured "failed to state the fact of his illness and

the attendance of a physician," between the time of making the original application for the policy and the date of the unmodified health certificate, "not with the intent to deceive, but because he was ignorant of the serious portent of his malady and in good faith believed it to have been nothing more than a mere transitory indisposition without tendency to shorten his life or impair his native constitutional vigor," and was not a false statement made with the intent to deceive or misrepresentation made a defense by the statute. The justice quoted approvingly, as the true rule, from Empire L. I. Co. v. Gee, 171 Ala. 435, 55 South. 166, as follows:

"Where fraudulent representations are pleaded in defense to an action on a policy of insurance, it must be shown that false statements have been made with intent to deceive, and that they related to matters intrinsically material to the risk, and that the insurer relied on them."

This commonly accepted doctrine in this state has not been changed by statute or decision. Mass. Mut. L. I. Co. v. Crenshaw, supra (195 Ala. 269, 70 South. 768). We are of opinion that reversible error was committed in sustaining demurrer to plea 12 as last amended.

The other questions presented by the record may not arise on a retrial of the cause and are not deemed necessary to be discussed in detail. We will say, of the exception reserved to the ruling of the court on the hypothetical questions, that the subject was recently dealt with in Miller et al. v. Whittington, post, p. 406, 80 South. 499.

[5] Of the objections and exceptions taken to questions and answers of Prof. Bone, no error was committed in allowing that witness to state what he did and said in assisting the deceased a few moments after his fall while the assured was yet in life. The statement of the witness, as to such declarations and assistance in furnishing artificial respiration to deceased, was corroborative of the fact, or afforded a reasonable inference of fact, that deceased was not dead at the time of his fall and that his death took place thereafter. It is true such acts and declarations were by one who had no interest in the matter; it is not essential for exclamations and statements to be admissible as res gestæ that the same should have been made by a party to the suit. It is a well-settled rule of the modern law of evidence, as applied to civil cases, that, where the making of a statement "assists to constitute the transaction or to prove per se a relevant fact, the declaration is competent." Spence v. Mc-

Millan, 10 Ala. 583; Rowland v. Walker, 18 Ala. 749; Jones v. Nirdlinger, 20 Ala. 488; Hudson v. Crow, 26 Ala. 515; L. & N. R. R. Co. v. Landers, 135 Ala. 504, 33 South. 482; B. R. L. & P. Co. v. Mullen, 138 Ala. 614, 35 South. 701; Ill. Cent. R. R. Co. v. Lowery, 184 Ala. 443, 63 South. 952, 49 L. R. A. (N. S.) 1149; 1 Greenl. on Ev. (16th Ed.) § 108; 3 Wigmore on Ev. § 1745; 2 Jones on Ev. §§ 346 (349), 347 (350); 1 Wharton on Ev. § 258; 20 L. R. A. (N. S.) 133 et seq., note. And such is the rule in criminal cases. Evans v. State, 62 Ala. 6; Bankhead v. State, 124 Ala. 14, 26 South. 979; Wood v. State, 128 Ala. 27, 29 South. 557, 86 Am. St. Rep. 71; Hall v. State, 130 Ala. 45, 30 South. 422; Caddell v. State, 136 Ala. 9, 34 South. 191. Such declarations have been admitted as evidence as a part of the res gestæ, though made by a mere bystander, in many of the states (11 Ency. of Ev. 337; 16 Cyc. 1155); and in this state (Caddell v. State, supra; N. C. & St. L. Ry. v. Moore, 148 Ala. 63, 67, 41 South. 984; Benjamin v. State, 148 Ala. 671, 41 South. 739[1]). Declarations of third persons, however, to be considered as a part of the res gestæ, must be a part of the transaction and under such circumstances that its spontaneity is assured. This is shown as to the acts and declarations of Prof. Bone in trying to resuscitate the deceased after his fall and immediately before and at the time of his death, and to which exception was reserved on introduction of the same in evidence. A. C. G. & A. Ry. Co. v. Heald, 178 Ala. 636, 642, 59 South. 461; Bessierre v. A. C. G. & A. R. R. Co., 179 Ala. 317, 60 South. 82; Ill. Cent. R. R. Co. v. Lowery, supra.

[6] The notice of loss required to be given under the terms of the policy being made an issue, and the beneficiary named therein being absent from the state at the time of the death of the insured, her absence, illness, and immediate subsequent death were circumstances properly admitted for the consideration of the jury, in determining whether or not due notice was given to the company of accrual of the claim as provided by the contract terms of the policy.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 148 Ala. 671.