Scott Ford, Appellee, v. The Mutual Life Insurance
Company of New York, Appellant.

Gen. No. 8,996.

Opinion filed
January 17, 1936.

FREDERICK L. ALLEN, WINSTON, STRAWN & SHAW, of
Chicago, and MILLER, ELLIOTT & WESTERVELT, of
Peoria, for appellant; GEORGE T. EVANS, of Chicago,
and EUGENE R. JOHNSON, of Peoria, of counsel.

R. D. ROBINSON, of Galesburg, for appellee; PHILLIP
BENJAMIN ROBINSON, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

In an action of assumpsit the plaintiff secured a verdict and judgment against the defendant for $2,149.33 which the evidence shows was the cash surrender value of a policy of insurance issued by the defendant on the life of the plaintiff, in which the plaintiff's wife is named the beneficiary. The declaration of one count is based on the surrender clause of the policy. As one of its defenses, the defendant interposed the plea of the statute of limitations. The other pleas of the defendant raise the issue as to whether the plaintiff had the legal right to surrender the policy and collect its cash surrender value without the consent of the beneficiary. It is conceded that the beneficiary has not consented to the surrender of the policy to the defendant. If the plaintiff did not have the right to surrender the policy and collect the cash surrender value, without the consent of the beneficiary, no right of action has ever accrued in favor of the plaintiff for the surrender value of the policy. If this court holds that the statute of limitations has run against the action of the plaintiff, it must have necessarily decided that his right of action accrued without the consent of the beneficiary to so surrender the policy. Whether the statute of limitations is applicable depends in any event upon a determination of the question presented by the pleas going to the merits of the plaintiff's claim. This was a question of law, dependent upon the construction of the policy, which was presented to the trial court by appropriate motions at the close of all the evidence.

The application for the policy was signed by the plaintiff on August 24, 1896, at Galesburg, Illinois, where the plaintiff lived. The policy is dated September 3, 1896, and it was delivered by the defendant to the plaintiff at Galesburg. The defendant is incorporated under the laws of the State of New York

where applications for life insurance policies are passed upon and issued by the defendant. The application for the policy contains the following provision: "This application made to the Mutual Life Insurance Company of New York is the basis and a part of a proposed Contract of Insurance, subject to the Charter of the Company and the laws of the State of New York." By this stipulation, the proposed contract of insurance became consummated and completed upon the issuance of the policy, and the plaintiff and the defendant mutually agreed that the contract should be a New York contract and construed according to the laws of that State. Subject to limitations hereafter stated, the statutory provisions of the State of New York and the decisions of the highest court of that State as to the construction of such a contract and of the statutes of New York must therefore be accepted as conclusive upon the parties. *Banholzer v. New York Life Ins. Co.,* 178 U. S. 402, 44 L. Ed. 1124, and *Hayward v. Sencenbaugh,* 141 Ill. App. 395. The above stipulation is subject to limitations or conditions among which may be mentioned, that the laws of the State of New York must give way if they are in conflict with express and valid terms of the policy; further, the stipulation does not avoid statutory provisions of the State of Illinois, governing life insurance contracts, enacted for the protection of its citizens. (*Mutual Life Ins. Co. v. Hill,* 193 U. S. 551, 48 L. Ed. 788; *Albro v. Manhattan L. Ins. Co.,* 119 Fed. 629, certiorari denied 194 U. S. 633; *State Life Ins. Co. v. Westcott,* 166 Ala. 192, 52 So. 344; *Mutual Life Ins. Co. v. Mullan,* 107 Md. 457, 69 Atl. 385; *Cravens v. New York Life Ins. Co.,* 178 U. S. 389, 44 L. Ed. 1116, affirming 148 Mo. 583, 50 S. W. 519, 71 Am. St. Rep. 628.)

The policy on its face recites as follows: "Annual Premium for 20 years, $71.60. In consideration on the application for this policy, which is hereby made a

part of this contract, The Mutual Life Insurance Company of New York promises to pay at its Home Office in the City of New York, unto Caroline Ford wife of Scott Ford of Galesburg in the County of Knox, State of Illinois, her executors, administrators or assigns, Two Thousand Dollars, upon acceptance of satisfactory proofs at its Home Office of the death of the said Scott Ford during the continuance of this policy, upon the following condition; and subject to the provisions, requirements and benefits stated on the back of this policy, which are hereby referred to and made a part hereof." The condition mentioned is that, "The annual premium of Seventy-one Dollars and Sixty Cents, shall be paid in advance on the delivery of this policy, and thereafter to the Company, at its Home Office in the City of New York, on the Third day of September in every year during the continuance of this contract, until premiums for Twenty full years shall have been duly paid to said Company."

The benefits referred to on the face of the policy and stated on the back thereof, which are material for consideration, are as follows: "Surrender—This policy may be surrendered to the Company at the end of the first period of twenty years, and the full reserve computed by the American Table of Mortality, and four per cent interest, and the surplus as defined above, will be paid therefor in cash." As before stated, the full reserve of the policy computed by the American Table of Mortality, and four per cent interest, and the surplus as defined by the policy, is the amount of the verdict, $2,149.33.

Premiums called for by the policy for 20 years after the date it was issued have been duly paid by the plaintiff to the defendant. The plaintiff has had possession of the policy from the time it was issued to him by the defendant. The contract of insurance does not contain any provisions either permitting or prohibiting

the plaintiff from changing the beneficiary named in the policy, or surrendering the policy, either with or without the consent of the beneficiary. It is silent on those subjects. No statutory provision of the State of New York was introduced in evidence which permitted the insured in a life insurance policy to change the beneficiary thereof without the consent of the beneficiary, or to surrender the policy without the consent of the beneficiary. There are no statutory provisions in this State either permitting, or prohibiting, the insured of a life insurance policy to change the beneficiary thereof, or surrender the policy, without the consent of the beneficiary.

The evidence shows that on June 7, 1924, the beneficiary of the policy, Caroline Ford, assigned all her right, title and interest in the policy to ''Caroline Ford, wife of insured, if living, if not, to Eloise Ford, birth November 12, 1897, and Pauline Ford, birth May 8, 1902 daughters of Caroline Ford, or the survivor, or the estate of the last survivor.'' The legality of the assignment is not involved in this case. The beneficiary and her two said daughters are living and none of them has consented to a change of beneficiary or surrender of the policy. They are not parties to this action, and do not reside in this State.

The beneficiary, the wife of the insured, had a vested right in the policy when the contract of insurance took effect. There are no terms or provisions of the policy inconsistent with this rule of law. *Whitehead v. New York Life Ins. Co.*, 102 N. Y. 143, 6 N. E. 267; *Glanz v. Gloeckler*, 104 Ill. 573; *Mutual Life Ins. Co. v. Allen*, 212 Ill. 125; *Garner v. Germania Life Ins. Co.*, 110 N. Y. 266, 18 N. E. 130, 1 L. R. A. 256, 37 C. J. 577; Couch's Cyc. of Ins. Law 821. Since the beneficiary had a vested interest in the policy, the plaintiff did not have the right to surrender the policy and collect its surrender value, although the policy was in the pos-

session of the plaintiff and he had paid the premiums thereon. *Fuchs v. Mutual Life Ins. Co. of New York,* 164 N. Y. S. 105; *New York Life Ins. Co. v. Ireland* (Tex.), 17 S. W. 617, 14 L. R. A. 278; Joyce on Insurance (1897) Vol. 11, sec. 1651; *Condon v. New York Ins. Co.,* 183 Iowa 658, 166 N. W. 452, 19 L. R. A. 649, 654.

The motion of the defendant for a directed verdict made at the close of all the evidence in the case should have been sustained by the trial court.

The judgment of the circuit court is reversed and judgment rendered in this court for the defendant.

*Reversed and judgment entered here.*